UNDERHILL v. CENTRAL HOSPITAL FOR THE INSANE.

[No. 10,035.   Filed December 4, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.*
—*Findings of Industrial Board.—Conclusiveness.*—The finding of facts made by the Industrial Board on conflicting evidence is conclusive on appeal.   p. 46.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeals.*
—*Permanent Partial Disability.—Award of Industrial Board.—Conclusiveness.*—Under §31 of the Workmen's Compensation Act, Acts 1915 p. 392, fixing the compensation for injuries resulting in permanent partial disability, it is within the discretionary powers vested in the Industrial Board to allow a servant, who lost seventy-five per cent. of the use of his foot, compensation for a

period of not to exceed 200 weeks, and the court on appeal cannot say as a matter of law that an award of 93¾ weeks' compensation was an abuse of the board's discretion where the finding was based on conflicting evidence. p. 47.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Partial Disability.—Award.—Deductions.*—Under §41 of the Workmen's Compensation Act, Acts 1915 p. 392, where an injured employe has been paid his regular salary, or other moneys, while incapacitated for work by reason of his injuries, the aggregate amount of the money thus paid him may properly be deducted from the award of compensation. p. 47.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act for compensation by Albert F. Underhill against the Central Hospital for the Insane. From an award, the applicant appeals. *Affirmed.*

*Ward H. Watson, James E. Watson* and *Sol H. Esarey,* for appellant.
*Ele Stansbury,* Attorney-General, and *Edward M. White,* for appellee.

IBACH, C. J.—This is an appeal from an award of the whole board rendered on review and final hearing. The finding of facts filed with the award are substantially as follows: On May 16, 1916, Eugene Kellum was in the employ of the Central Hospital for the Insane at a monthly salary of $28, together with his room, board and laundry, which were worth $2.50 per week. On that day he received a personal injury by accident arising out of and in the course of his employment resulting in a seventy-five per cent. permanent impairment of the natural use and functions of the left foot. A physician was furnished him immediately upon the receipt of his injury, together with a room, board, and laundry continuously from the time of his injury to the date of the hearing, and he was further paid $28 per month until and includ-

ing January 31, 1917, and $30 per month beginning on February 1, until April 13, 1917. He performed no service after the date of his injury for the money paid him, or his room, board, and laundry. However, he was entitled to these during the first thirty days after his injury as a part of the proper hospital expenses.

Upon these facts Kellum was awarded compensation at the rate of $5.50 per week for 93¾ weeks and a credit of $394 therefrom was allowed the appellee for the cash payments for board, room, and laundry, leaving a balance of $121.62, which was directed to be paid in a lump sum.

The controversy in this appeal arises solely out of the amount of compensation allowed appellant. He insists that the allowance should have been made under §29 of the Workmen's Compensation Act, Acts 1915 p. 392, for a period approximating 500 weeks. This section of the act provides in substance that where the injured employe is totally disabled for work he shall receive fifty-five per cent. of his average weekly wages for a period not to exceed 500 weeks, and appellant's contention might be upheld were it not for the fact that the board has found, and there is evidence to support it, that appellant's injury did not cause a total disability of the natural use of his left foot and that he received no other injury, but rather a seventy-five per cent. "permanent impairment."

1. The finding of facts made by the board on conflicting evidence is conclusive on this court. *Interstate Iron, etc., Co.* v. *Szot* (1916), 64 Ind. App. 173, 115 N. E. 599.

The award of the Industrial Board was correctly made under the provisions of §§31, 41 and 44 of the Workmen's Compensation Act, *supra.* Under the provisions of §31 for specific injuries appellant would have been entitled to compensation for 125 weeks if his foot had been severed at or above the ankle. The facts of this case do not disclose a severance of appellant's foot or any part thereof, consequently it does not fall within the specific provisions of said section, but comes within the general provision thereof, wherein discretionary powers are given the board in such cases to allow compensation for a period of time not to exceed 200 weeks, and, since it is the duty of such board to weigh conflicting evidence, we cannot say as a matter of law that the Industrial Board abused its discretion in allowing appellant compensation for a period of 93¾ weeks.

The finding further discloses that the board deducted from the amount of the allowance figured upon the foregoing basis the amount of cash paid appellant after the expiration of thirty days from the date of the accident, together with the value of the room and board furnished him for almost a year thereafter, which amount he accepted, but for which he rendered no service for appellee. This was justified under the evidence and was authorized by §41, *supra,* which provides: "Any payments made by the employer to the injured employe during the period of his disability, or to his dependents, which by the terms of this act were not due and payable when made, may, subject to the approval of the Industrial Board, be deducted from the amount to be paid as compensation: *Provided,* That in case of disability such deductions shall be

made by shortening the period during which compensation must be paid and not by reducing the amount of the weekly payments unless otherwise hereinafter specified.''

Power is given the board under the statute to require the award to be paid in a lump sum, and there was no error in so doing in this case. §44 *supra.*

Award affirmed.

NOTE.—Reported in 117 N. E. 870. Workmen's compensation: who are dependents within the meaning of act, L. R. A. 1916A 248, L. R. A. 1917D 157; review of facts on appeal under act, Ann. Cas. 1916B 475, 1918B 647.