**INDIANA STATE HIGHWAY DEPART- MENT, State of Indiana, Defendant-Appellant,**

v.

**Lorie ROBERTSON, Plaintiff-Appellee.**

**No. 3–1184A298.**

Court of Appeals of Indiana, Third District.

Sept. 10, 1985.

---

Linley E. Pearson, Atty. Gen., Wm. Eric Brodt, Deputy Atty. Gen., Indianapolis, for defendant-appellant.

Charles A. Sweeney, Jr., Mark S. Lenyo, Sweeney & Pfeifer, South Bend, for plaintiff-appellee.

GARRARD, Judge.

Lorie Robertson, employed by the State of Indiana as a secretary, clerk-typist for the Indiana Department of Mental Health in South Bend, brought suit against the Indiana State Highway Department, State of Indiana for the negligent design, construction and maintenance of the intersection at U.S. 31 and State Road 14 in Fulton County, Indiana.

While driving to Indianapolis from South Bend in a state-owned vehicle to pick up payroll checks, a task within the scope of Robertson's employment, she was involved in a collision with another vehicle at the U.S. 31–State Road 14 intersection. As a result of the physical injuries sustained in the collision, Robertson incurred certain medical expenses which were paid for by the state under the Workmen's Compensation Act. Robertson also received full wage compensation from the state as a merit employee under 31 I.A.C. 2–11–5.

The state contends that Robertson's common law negligence claim is barred since the Indiana Workmen's Compensation Act provides Robertson's exclusive remedy against her employer. It moved for summary judgment, but the trial court denied relief. We permitted an interlocutory appeal. To avoid the exclusivity of Workmen's Compensation, Robertson has put forth two arguments. First, she contends that the state should be subject to suit based upon a dual capacity theory. She asserts that the state was her employer on the one hand and the provider of the state highway system on the other, and that pursuant to this second capacity independent obligations accrued to the state. Alternatively, Robertson contends exclusivity of Workmen's Compensation is inapplicable since she received wage compensation as a merit employee under 31 I.A.C. 2–11–5 rather than under the provisions of the Workmen's Compensation Act.

■ On reviewing a denial of summary judgment, the Court of Appeals must determine if there exists any genuine issue of material fact, and whether the moving party is entitled to a judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56; *Ogilvie v. Steele by Steele* (1983), Ind.App., 452 N.E.2d 167.

■ When the personal injury or death by accident of an employee arises out of and in the course of his employment, the employee's exclusive remedy against his employer is under Indiana's Workmen's Compensation Act. *Clem v. Steveco* (1983), Ind.App., 450 N.E.2d 550; *Wayne Adams Buick, Inc. v. Ference* (1981), Ind.App., 421 N.E.2d 733. In *Clem,* the husband brought a common law action against a convenience store where his wife, while working as a cashier, was abducted and murdered. The husband argued that while his wife was in the course of her employment as cashier, the criminal acts of her attacker did not in fact arise out of her employment. This court disagreed, determining that since the attack was one which might be reasonably anticipated, as employee was alone in the convenience store working the 11:00 p.m. to 7:00 a.m. shift, it did arise out of her employment and hence husband was bound by the exclusive remedy provision of Workmen's Compensation.

In *Ference,* the opinion from which the *Clem* court discerned the "reasonably anticipated" language for assaults, the decision turned instead upon the "peril of the street" doctrine. The *Ference* court identified that doctrine as follows:

"However, a more applicable doctrine is dispositive. It is referred to as the 'peril of the street' doctrine and was recited in *Kiddie Knead Baking Company et al. v. Bolen* (1938), 106 Ind.App. 131, 17 N.E.2d 477.

'If a servant in the course of his master's business has to pass along the public street, whether it be on foot or on a bicycle, or on an omnibus or car, and he sustains an accident by reason of the risk incidental to the streets, the accident arises out of as well as in the course of his employment.... Thus use of the streets by the workman merely to get to or from his work of course stands on a different footing altogether, but as soon as it is established that the work itself involves exposure to the perils of the streets the workman can recover for any injury so occasioned.'

106 Ind.App. at 136, 17 N.E.2d 477. *See Empire Health, etc. Ins. Co. v. Purcell* (1921), 76 Ind.App. 551, 132 N.E. 664; Small, Workmen's Compensation of Indiana, Section 6.4 (1950)."

421 N.E.2d at 737. The *Ference* court also noted that the actual risk test had been adopted in Indiana to determine what types of risks and what degree of exposure is necessary for an injury to fall within the peril of the street doctrine. The actual risk test indicates that:

"[I]t is immaterial whether the degree of exposure to street risk is increased, if in fact the employment subjected the employee to the hazards of the street, whether continuously, or infrequently."

421 N.E.2d at 738.

■ In the case before us Robertson has admitted that the accident occurred while

she was in the performance of her employment. She was driving to Indianapolis to pick up payroll checks. It is axiomatic that one driving a car on a public road is subjected to the risk of being in a motor vehicle accident of some kind. The collision at the U.S. 31–State Road 14 intersection falls within the peril of the street doctrine which leads to the conclusion that her accident arose out of as well as in the course of Robertson's employment. Hence, Robertson's exclusive remedy against her employer, the State of Indiana, is under the Workmen's Compensation Act.

■ Robertson seeks to circumvent the exclusivity clause of the Workmen's Compensation Act by arguing that the wage compensation she received was not granted under that Act but rather was granted under 31 I.A.C. 2–11–5 with its separate and distinct statutory base.[1] However, the prohibition against an employee raising a common law claim is not waived simply because an employer seeks to provide compensation greater than would be required under the Act.

■ In essence, 31 I.A.C. 2–11–5 is a wage continuation benefit provided by the State of Indiana as employer to those merit employees of the state disabled from an injury occurring while on the job. Cases discussing such benefits have centered on the ability of the Industrial Board to allow employers to set off amounts paid under a wage continuation scheme against awards granted under the Workmen's Compensation Act. See *Freel v. Foster Forbes Glass Co.* (1983), Ind.App., 449 N.E.2d 1148 (wherein the First District concluded that a set off was necessary to avoid double recovery by the injured employee from his employer); *Underhill v. Central Hospital for the Insane* (1917), 66 Ind.App. 44, 117 N.E. 870. An obvious prerequisite to these cases was the employee's right to pursue a remedy under Workmen's Compensation in spite of the fact that benefits were paid

which were at the time paid not due and payable under the Act.

Indeed, IC 22–3–3–23(a) provides:

"Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of chapters 2 through 6 of this article were not due and payable when made, may, subject to the approval of the industrial board, be deducted from the amount to be paid as compensation."

In terms of wages, the state would have been required to provide at most 66⅔% as temporary total disability wage benefits under the Act. Instead, the state pursuant to 31 I.A.C. 2–11–5 provided Robertson with full pay for time lost due to her injury up until she returned to work. Such a benefit "not due and payable when made" cannot operate to remove the matter from the Act or its exclusivity provision since to do so would in effect render IC 22–3–3–23(a) a nullity. Furthermore, in recognition of a merit employee's continued right to temporary total disability payments under the Act, 31 I.A.C. 2–11–5 itself provides for a set off of funds paid under it when an employee also seeks temporary total disability compensation during the single year of 31 I.A.C. 2–11–5's applicability.

In addition, Robertson's medical expenses were paid by the State of Indiana as her employer pursuant to the Workmen's Compensation Act. In light of the foregoing we find Robertson's argument that her receipt of wage benefits under 31 I.A.C. 2–11–5 places her claim outside the Workmen's Compensation Act to be without merit.

■ Robertson's remaining contention is that in spite of the exclusivity of the Workmen's Compensation Act the dual capacity theory should be utilized to allow her to pursue a tort claim against the state for the negligent design, construction and maintenance of a state highway intersection. The thrust of the argument is that the state has rights and obligations independent and uncorrelated to those generated by its capacity as Robertson's employer

1. IC 4–15–2–5(b).

subjecting the state to a tort claim by Robertson based on negligence.

The dual capacity theory has been rejected repeatedly in Indiana due to the clear and unambiguous language of the Indiana Workmen's Compensation Act's exclusive remedies provision. *Kottis v. United States Steel Corporation* (7th Cir.1976), 543 F.2d 22, 55 Ind.Dec. 265 (plaintiff-administratrix received Workmen's Compensation benefits for an employee killed while performing his duties as a crane operator for employer and also filed an action against the employer in its capacities as landowner and crane manufacturer. The court rejected the dual capacity argument as doing "considerable violence to the statutory language...." of IC 22–3–2–6); *Needham v. Fred's Frozen Foods, Inc.* (1977), 171 Ind.App. 671, 359 N.E.2d 544 (employee severely burned when pressure cooker which he was cleaning for his employer exploded, a cause of action against the employer as the manufacturer of the pressure cooker was rejected due to the exclusivity language of the Workmen's Compensation Act). *See also State v. Coffman* (1983), Ind.App., 446 N.E.2d 611 (rejecting a state employee's attempt to bring a cause of action against a state trooper with whom he had collided due to the fact that the state would be liable upon the claim against the trooper in derogation of IC 22–3–2–13).

In *Needham* this court concluded:

"The clear and unambiguous language of the Act precludes our adoption of the dual-capacity doctrine as advocated by Needham. If a change in the law is to be made in this respect, such must be by Act, or at least by authorization, of the General Assembly."

The trial court erred in denying the State of Indiana's motion for summary judgment in this case.

We therefore reverse and remand for such further proceedings as may be necessary consistent herewith.

Reversed.

STATON, P.J., and HOFFMAN, J., concur.