STATE of Indiana, Appellant
(Third–Party Plaintiff
Below),

v.

Steven P. MILEFF and Cincinnati Insurance Company, Appellees
(Third–Party Defendants Below).

No. 50A04–8707–CV–211.

Court of Appeals of Indiana,
Fourth District.

March 22, 1988.

Linley E. Pearson, Atty. Gen., William Eric Brodt, Deputy Atty. Gen., Indianapolis, for appellant.

Michael J. Anderson, Edward N. Kalamaros & Associates, Professional Corp., South Bend, for appellees.

CONOVER, Judge.

The State of Indiana (State) appeals the entry of summary judgment in favor of Steven P. Mileff and Cincinnati Insurance Company (collectively, Mileff) in an action where the State seeks to enforce a Workmen's Compensation employer's lien on the proceeds of a settlement reached in the employee's action against Mileff, a negligent third party.

Affirmed in part, reversed in part, and remanded.

Restated, the State's issues are

1. whether the trial court erred by determining the State had no valid lien upon the third party settlement,

2. whether the trial court erred by determining the State waived any claim or lien against the settlement proceeds by fail-

ing to give notice it intended to assert an employer's statutory lien,

3. whether the lien should be asserted against the settlement funds now in the hands of Robertson, and

4. whether the trial court erred by assessing costs against the State.

Lorie Robertson (Robertson), a State employee acting within the course and scope of her employment, was injured in an automobile accident in Fulton County in July, 1983. Her attorney filed two separate law suits, one against the State for negligent design of the highway at the accident site, the other against Mileff the other driver. Judgment against the State was entered in the negligence action, but the cause was reversed on appeal.

Robertson did not file a Workmen's Compensation claim against her employer, the State, because her attorney believed the State was liable for negligence. She did, however, claim and receive disability benefits totaling $20,152.32 under the Indiana Administrative Code, Sec. 31 I.A.C. 2–11–5 as a merit employee of the State. After the accident, the State filed a Form 24 report of the injury with the Industrial Board as required by statute. Prior to the appeal of the State's case, it filed a set of interrogatories, one requiring disclosure of any actions against third parties. Robertson's answer informed the State of her action against Mileff. The State, however, never notified any of these parties it intended to assert an employer's lien to recover its expenditures due to Robertson's injuries.

In 1984, Robertson and Mileff began negotiations for settlement of that lawsuit. As a preliminary to those discussions, Robertson's attorney asked her immediate supervisor at the Northern Indiana Children's Hospital to determine whether the State intended to press its claim for reimbursement for money it had expended because of Robertson's injuries in the automobile accident. The supervisor responded in the negative.

Thereafter, Robertson and Mileff settled the case. Robertson was paid $4,107.65 for lost time from work and $40,000 for injuries she received in the accident. The State now seeks to enforce a statutory employer's lien against Mileff for $20,152.32 covering medical and wage payments made to or for Robertson because of this accident.

From an adverse summary judgment, the State appeals.

When reviewing the grant of a motion for summary judgment we stand in the shoes of the trial court. *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155, 158. We must determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Mead, Johnson and Co. v. Oppenheimer* (1984), Ind.App., 458 N.E.2d 668. We must liberally construe all evidence in favor of the nonmovant and resolve any doubt as to the existence of a genuine issue against the proponent of the motion. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723; *Grimm v. F.D. Borkholder Co., Inc.* (1983), Ind.App., 454 N.E.2d 84, 86; *Moll v. South Central Solar Systems, Inc.* (1981), Ind.App., 419 N.E.2d 154, 159. Summary judgment may not be used as a substitute for trial to resolve factual disputes. Even if the trial court believes the nonmoving party will not be successful at trial, where material facts conflict or conflicting inferences are possible from undisputed facts, summary judgment should not be entered. *Grimm*, 454 N.E.2d at 86; *Clipp v. Weaver* (1983), Ind., 451 N.E.2d 1092; *English Coal, Inc. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 307.

■ We have a duty to sustain the action of the trial court if it can be done on any legal ground on the record. This is true even though the reasons given by the trial court for its action may be erroneous, if the ruling can be sustained on any other ground. *Hurst v. Board of Comm'rs. of County of Pulaski* (1985), Ind., 476 N.E.2d 832, 834; *Elmore v. City of Sullivan* (1978), 177 Ind.App. 495, 380 N.E.2d 108, 110. This rule applies to summary judgments. *Aetna Insurance Co. of Midwest v. Rodriguez* (1987), Ind.App., 504 N.E.2d 1030, 1032.

The State first argues the evidence before the trial court demonstrated Robertson received Workmen's Compensation payments from her employer, the State. We agree.

The Third District of this Court in a 1985 decision involving Robertson's claim the State of Indiana was liable for negligent design of the intersection at which she was injured, said:

Robertson seeks to circumvent the exclusivity clause of the Workmens Compensation Act by arguing that the wage compensation she received was not granted under that act but rather was granted under 31 I.A.C. 2–11–5 with its separate and distinct statutory base. However, the prohibition against an employee raising a [negligent design] claim is not waived simply because an employer seeks to provide compensation greater than would be required under the Act.

...

Indeed, IC 22–3–3–23(a) provides:

"Any payments made by the employer to the injured employee during the period of his disability, ..., may, subject to the approval of the industrial board, be deducted from the amount to be paid as compensation."

In terms of wages, the State would have been required to provide at most 66⅔% as temporary total disability wage benefits under the act. Instead, the State pursuant to 31 I.A.C. 2–11–5 provided Robertson with full pay for time lost due to her injury until she returned to work. Such a payment "not due and payable when made" cannot operate to remove the matter from the Act or its exclusivity provision since to do so would in effect render IC 22–3–3–23(a) a nullity. Furthermore, ..., 31 I.A.C. 2–11–5 itself provides for a setoff of funds paid under it when an employee also seeks temporary total disability compensation during the single year of 31 I.A.C. 2–11–5's applicability. ... In light of the foregoing we find Robertson's argument that her receipt of wage benefits under 31 I.A.C. 2–11–5 places her claim outside the Workmens Compensation Act to be without merit.

*Indiana State Highway Dept. v. Robertson* (1985), Ind.App., 482 N.E.2d 495, 498.

The State of Indiana asserts *Robertson, supra,* contains the law of this case on the question of whether the State's payments to Robertson were made under the provisions of the Workmens Compensation Act. Mileff argues to the contrary the law announced in *Robertson* does not bind him as the law of the case because the settlement they effected with Robertson was consummated prior to *Robertson's* hand down date of September 19, 1985.

██ The "law of the case" doctrine does not apply here because *Robertson* is not the same case involving the same parties and issues as the one before us. Further, the operative facts of this appeal center upon Mileff's settlement of Robertson's cause against him and the State's assertion of its statutory lien upon the proceeds. The law of the case doctrine does not apply unless the same case and substantially the same facts are involved in the subsequent appeal. *Cha v. Warnick* (1985), Ind., 476 N.E.2d 109, 114; *Fair Share Organization, Inc. v. Mitnick* (1964), 245 Ind. 324, 198 N.E.2d 765, *cert. denied* 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48.

██ However, *Robertson* constitutes binding precedent upon us under the doctrine of *stare decisis*. This doctrine states that, when a court has once laid down a principle of law as applicable to a certain set of facts, it will adhere to that principle and apply it to all future cases where the facts are substantially the same. Black's Law Dictionary, 1577 (4th Rev.Ed., 1968). The facts in *Robertson* regarding payments under the Workmen's Compensation Act are not substantially the same as those before us, they are in fact the same. Thus, *Robertson* is binding precedent upon us.

Appellees next argue because the Third District's discussion on that subject was non-binding dicta, *Robertson* is not binding precedent here. We disagree.

Dictum, or obitur dictum, is an expression or a statement by the court on a matter not necessarily involved in the case

nor necessary to a decision thereof. 7 I.L. E. (Courts) § 66. The test to determine whether a statement in an opinion is dicta appears in *Hahn v. Moore* (1956), 127 Ind. App. 149, 134 N.E.2d 705. There, Judge Kelley said

> To determine whether a case is a precedent for a stated proposition and therefore to be adhered to under the rule of stare decisis, it is proper to ascertain the exact point or points before the court for adjudication and seek, in the opinion, the doctrine announced or followed by the court, without which the point could not be correctly decided. All else in the opinion is merely the reasoning or explanation of the court and attains the dignity of neither doctrine nor precedent.

*Hahn*, 134 N.E.2d at 706. Clearly in *Robertson*, one of Robertson's contentions was she did not receive payment under the Workmen's Compensation Act because she was compensated as a merit employee under 31 I.A.C. 2–11–5. The court in *Robertson* stated the issue this way:

> To avoid the exclusivity of Workmen's Compensation, Robertson has put forth two arguments. ... Alternatively, Robertson contends exclusivity of Workmen's Compensation is inapplicable since she received wage compensation as a merit employee under 31 I.A.C. 2–11–5 rather than under the provisions of the Workmen's Compensation Act.

*Robertson*, 482 N.E.2d at 497. Thus, the Third District's analysis of those facts was not dictum. *Robertson's* holding payments to her under 31 I.A.C. 2–11–5 were payments made by the State under the Workmen's Compensation Act constitutes binding precedent in this case.

Mileff next argues because Robertson's attorney did not invoke the jurisdiction of the Industrial Board of Indiana in this case by filing a Form 9, the provisions of the Workmen's Compensation Act do not apply here, specifically with reference to IC 22–3–2–13 regarding an employer's lien on settlement proceeds. The State, however, points out there was no disagreement as to whether it was required to pay Robertson compensation for her injuries and medical expenses nor the amount thereof. Thus, it reasons, there was no need to present the case to the Industrial Board because there was no disagreement either as to liability or the payments to be made under the Act. The Industrial Board's jurisdiction is invoked only where the parties cannot agree the Act applies or the amount the employer must pay, the State asserts.

█ By its specific terms, the Indiana Workmen's Compensation Act applies to all cases involving employees when injured or killed while acting within the course and scope of their employment whether or not the Industrial Board's jurisdiction is invoked. IC 22–3–2–2 provides

> SEC. 2. From and after the taking effect of this law, namely, IC 1971, 22–3–2 through 22–3–6, every employer and every employee, ..., shall be required to comply with the provisions of this law, respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby.

Further, IC 22–3–2–6 provides

> SEC. 6. The rights and remedies herein granted to an employee subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, ..., at common law or otherwise, on account of such injury or death.

The Act's application is not dependent upon whether the Industrial Board's jurisdiction is invoked. The Act applies exclusively when employees are injured in the course and scope of their employment from the instant such employee is injured until the matter has run its course. The employee has only those rights and options announced by the clear wording of that Act and no others. Thus, IC 22–3–2–13's provisions regarding an employer's right to reimbursement from the proceeds of settlements effected in an injured employee's third party suit irrevocably binds all interested parties, including Robertson and Mileff in this case. "It has often been said that every statute under which a contract is made enters into and forms a part of

such contract." *Smith v. Newbaur* (1895), 144 Ind. 95, 97, 42 N.E. 40, 41. The Mileff/Robertson settlement agreement was made subject to IC 22–3–2–13's employer's lien provisions.

■ Mileff next argues because the State failed to file a memorandum of agreement for the approval of the Industrial Board, its arrangement with Robertson did not attain the status of an award under IC 22–3–4–4. For that reason, Mileff opines, the State did not acquire lien rights under IC 22–3–2–13. Such rights spring into existence only when the agreement attains award status upon approval by the Board, Mileff suggests. We disagree.

By its clear wording, the only effect the failure to file a memorandum of agreement has under IC 22–3–4–4 is to make the agreement voidable by the employee. Robertson chose not to do so. In consequence she received all the compensation to which she was entitled under the Act, and more. Further, IC 22–3–2–13 does not make the employer's lien contingent upon such an agreement achieving award status under IC 22–3–4–4. This argument is without merit.

■ Next, Mileff urges if an employer's lien does exist in favor of the State, it must be asserted against Robertson since all the settlement proceeds have been paid over to her. Mileff earnestly contends it should not be required to pay more than the amount already agreed upon between Robertson and Mileff. We agree.

■ A valid lien created on real or personal property is enforceable against the property in the hands of any person with notice of the lien who subsequently acquires it. *Aurora Nat'l. Bank of Aurora v. Black* (1891), 129 Ind. 595, 599, 29 N.E. 396, 398; 18 I.L.E. (Liens) § 6. Robertson, obviously, is a person with notice of the State's lien. It must be enforced against her, not Mileff. Further, independent of the State's lien, Robertson has an affirmative statutory duty to reimburse the State.

In this regard, IC 22–3–2–13 provides in part

.    .    .    .    .

[I]f the action against the [third] person is brought by the injured employee ... and ..., settlement is made with the [third] person, either with or without suit, then from the amount received by the employee ... *there shall be paid to the employer* ..., subject to its paying its pro-rata share of the reasonable and necessary costs and expenses of asserting the third party claim, the amount of compensation paid to the employee ..., plus the medical, surgical, hospital and nurses' services and supplies ... paid by the employer.... (Emphasis supplied).

Clearly, that portion of the statute places an affirmative duty upon the employee to fully reimburse the employer when such settlement is effected without reference to the statutory lien the parties here discuss. The above-quoted portion of the statute makes the employee in effect a constructive trustee for the employer of that portion of the settlement necessary to fully reimburse the employer for amounts it expended on the employee's behalf under the Act. In point of fact no settlement with a third party is valid without the employer's consent in writing. The last paragraph of IC 22–3–2–13 says

No ... settlement of claim for damages by reason of injury ..., shall be valid without the written consent of both employer ... and employee....

Thus, Robertson was required by operation of law to reimburse the State from the fund created by her settlement with Mileff unless beforehand she had obtained a waiver from the State, as required by IC 22–3–2–13. It provides

... An employer ... may waive its right to reimbursement under this section....

The State has not waived its right to be reimbursed.

The State must enforce its lien against Robertson, holder of the settlement proceeds, not Mileff.

Finally, the State contends the trial court erred by assessing costs against the State. We agree.

■ It is well settled the State and its agencies are not liable for ordinary court

costs, as a matter of public policy. It is error for a trial court to assess court costs against the State or its agencies as part of a judgment. *State v. Wilbur* (1984), Ind. App., 471 N.E.2d 14; *State v. Daily Express, Inc.* (1984), Ind.App., 465 N.E.2d 764; *State v. Ziliak* (1984), Ind.App., 464 N.E.2d 929; *Indiana Department of Revenue v. American Underwriters, Inc.* (1981), Ind.App., 429 N.E.2d 306; *State, Department of Revenue v. American Motorists' Insurance Company* (1979), 182 Ind.App. 645, 396 N.E.2d 907; *State Board of Tax Commissioners v. Warner Press, Inc.* (1970), 254 Ind. 183, 258 N.E.2d 621; *State v. City of Terre Haute* (1968), 250 Ind. 613, 238 N.E.2d 459, and *State Board of Tax Commissioners v. Traylor* (1967), 141 Ind.App. 324, 228 N.E.2d 46.

Under Ind. Rules of Procedure, Appellate Rule 15(N)(3), the Clerk of the Marshall Superior Court is ORDERED to modify the trial court's judgment by striking therefrom the taxing of costs versus the State of Indiana.

Affirmed in part, reversed in part, and remanded for modification of the trial court's judgment in accordance with this opinion.

MILLER, P.J., and BUCHANAN, J., concur.