**William and Martha WELTER,**
**Appellants–Plaintiffs,**

v.

**F.A. WILHELM CONSTRUCTION, et al., Hartford Insurance Company,**
**Appellees–Defendants.**

No. 30A01–0007–CV–234.

Court of Appeals of Indiana.

March 14, 2001.

Michael J. Tosick, Greenfield, IN, Attorney for Appellants.

Julia Blackwell Gelinas, Jeffrey J. Mortier, Indianapolis, IN, Attorneys for Appellees.

## OPINION

RATLIFF, Senior Judge

### STATEMENT OF THE CASE

Plaintiffs–Appellants William and Martha Welter (collectively "the Welters") appeal the trial court's order granting summary judgment in favor of Intervenor-Appellee The Hartford Insurance Company ("Hartford") in an action brought by the Welters against Defendants F.A. Wilhelm Construction Company ("Wilhelm") and the Indianapolis Museum of Art ("IMA").

We affirm

### ISSUE

The sole issue presented for our review is whether the trial court correctly granted Hartford's motion for summary judgment by concluding as a matter of law that Hartford did not waive its entitlement to reimbursement for worker's compensation payments made to the Welters by refusing prior to the settlement to forward its pro rata share of the reasonable and necessary costs and expenses associated with the Welters asserting their third party claim.

### FACTS AND PROCEDURAL HISTORY

On August 1, 1989, William Welter, who was employed by Interior Specialties, Inc., was accidentally injured in the course of his employment. He was working at the site of a construction project at the IMA. Wilhelm was the general contractor and Interior Specialties was a subcontractor on the project. Welter received worker's compensation benefits from Interior Specialties through its insurer, USF & G, and then Hartford when Hartford assumed USF & G's lien rights. The benefits received by Welter were in the amount of $71,061.75.

The Welters filed a complaint on August 1, 1991, against Wilhelm and IMA alleging that Welter's injuries were caused by Wilhelm's negligence. Ultimately, on July 15, 1997, the Welters settled their lawsuit for $400,000.00. Hartford sought to be reimbursed out of the settlement proceeds for the worker's compensation paid. The Welters refused claiming that Hartford had waived its right to reimbursement by failing to forward to them its pro rata share of the costs and expenses as they were being incurred. On October 27, 1997,

Hartford intervened in the civil lawsuit in order to pursue reimbursement for the benefits paid out to Welter less its pro rata share of costs and expenses.

Hartford filed its motion for summary judgment on June 29, 1999. The Welters filed their motion for summary judgment on September 10, 1999. Hartford's reply brief was filed on October 13, 1999. On October 14, 1999, the trial court held a hearing on the motions. On June 21, 2000, the court issued its order granting Hartford's motion for summary judgment and denying the Welters' motion for summary judgment. This appeal ensued.

### DISCUSSION AND DECISION

#### STANDARD OF REVIEW

■ The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *Le-Brun v. Conner*, 702 N.E.2d 754, 756 (Ind. Ct.App.1998). The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact. Ind.Trial Rule 56(C); *Campbell v. Criterion Group*, 613 N.E.2d 423, 428 (Ind. Ct.App.1993), *on reh'g* 621 N.E.2d 342. Once the moving party makes a prima facie showing of the non-existence of a genuine issue of material fact, the burden shifts to the non-moving party to set forth specific facts showing the existence of a genuine issue for trial. T.R. 56(E); *Campbell*, 613 N.E.2d at 428. We must liberally construe all designated evidence in favor of the non-moving party and resolve any doubt against the moving party. *See Porter v. Irvin's Interstate Brick & Block Co., Inc.*, 691 N.E.2d 1363, 1364 (Ind.Ct.App.1998).

■ Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Aide v. Chrysler Financial Corp.*, 699 N.E.2d 1177, 1180 (Ind.Ct.App.1998), *trans. denied.* Where material facts conflict, or undisputed facts lead to conflicting material inferences, summary judgment is inappropriate. *Butler v. City of Indianapolis*, 668 N.E.2d 1227, 1228 (Ind.1996). Summary judgment may not be used as a procedural device to avoid a trial on claims that are perceived to be weak. *Campbell v. Railroadmen's Federal Savings and Loan Association of Indianapolis*, 443 N.E.2d 81, 84 (Ind.Ct.App.1982).

■ On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with the presumption of validity. *See Indiana Bd. Of Public Welfare v. Tioga Pines*, 622 N.E.2d 935, 939–940 (Ind.1993), *cert. denied*, 510 U.S. 1195, 114 S.Ct. 1302, 127 L.Ed.2d 654 (1994). The party appealing from an order granting a motion for summary judgment has the burden of persuading the appellate tribunal that the decision to issue the order granting summary judgment was erroneous. *See Department of State Revenue v. Caylor–Nickel Clinic*, 587 N.E.2d 1311, 1313 (Ind.1992). On review, we face the same issues that were before the trial court and follow the same process. *Id.* All properly asserted facts and reasonable inferences should be resolved against the movant. *Belford v. McHale, Cook & Welch*, 648 N.E.2d 1241, 1244 (Ind.Ct.App. 1995), *trans. denied.* The appellate court may not reverse the entry of summary judgment on the ground that a genuine issue of material fact exists unless the material fact and the evidence relevant thereto were specifically designated to the trial court. Ind.Trial Rule 56(H).

#### IND.CODE § 22–3–2–13

■ We previously have stated that by its specific terms the Indiana Worker's Compensation Act applies to all cases involving employees when injured or killed while acting within the course and scope of their employment. *See State v. Mileff*, 520 N.E.2d 123, 127 (Ind.Ct.App.1988). The employee has only those rights and options

announced by the clear wording of the act and no others. *Id.*

Ind.Code § 22–3–2–13 provides for an employer's right to reimbursement from the proceeds of settlements recovered in an injured employee's third party suit. *Id.* We recently stated as follows in *Waldridge v. Futurex Indus., Inc.,* 714 N.E.2d 783, 786 (Ind.Ct.App.1999), *trans. denied:*

> In enacting the [Worker's] Compensation Act, the legislature never intended to abridge the remedies an employee has in tort against a third party. However, Section 13 is one of several provisions of the Worker's Compensation Act which evinces a strong policy against an injured employee receiving "double recovery." ... Stated differently, while the Act permits an employee both to seek worker's compensation and bring suit against a third party, it prevents double recovery through subrogation procedures contained within Section 13.... This prohibition against "double recovery" has been a part of worker's compensation law since its inception and remains intact. (citations omitted).

■■■ The Welters contend that Hartford waived its right to reimbursement from the settlement proceeds for worker's compensation benefits paid to the Welters because Hartford refused to advance its pro rata share of reasonable and necessary expenses associated with assertion of the suit against Wilhelm. In support of this position the Welters point to the portion of Ind.Code § 22–3–2–13, which provides in relevant part as follows:

> An employer or his compensation insurance carrier may waive its right to reimbursement under this section and, as a

result of the waiver, not have to pay the pro rata share of costs and expenses. However, the Welters have failed to present this court with evidence that Hartford waived its right to reimbursement. Waiver is an intentional relinquishment of a known right involving both knowledge of the existence of the right and the intention to relinquish it. *See Hamlin v. Sourwine,* 666 N.E.2d 404, 409 (Ind.Ct.App.1996) *trans. denied.*

The materials designated by the parties in support of their motions for summary judgment, specifically Hartford's Motion to Intervene, par. 8, and Hartford's Proposed Complaint, par. 8, state that Hartford "is entitled to payment of its statutory lien upon any recovery by the plaintiffs of a judgment or settlement ..., less its pro-rata share of costs and reasonably necessary expenses, which the Hartford stands ready, able and willing to pay upon proration against any settlement ..." (R. 51, 55).[1] The trial court was correct in its determination that Hartford did not waive entitlement to reimbursement.

Ind.Code § 22–3–2–13 provides in relevant part as follows:

> [If] the action against the other person is brought by the injured employee ... and settlement is made with the other person ... then from the amount received by the employee ... there shall be paid to the employer or the employer's compensation insurance carrier, subject to its paying its pro rata share of reasonable and necessary costs and expenses of asserting the third party claim, the amount of compensation paid to the employee ...

\* \* \*

1. The trial court's order contains a reference to par. 19 of the Stipulated Pre–Trial Order as a basis for its decision. Par. 19 of the Stipulated Pre–Trial Order was not designated by either party in their motions for summary judgment. The Welters contend that the trial court's order granting summary judgment in favor of Hartford should be reversed because of erroneous reliance on that material. The

error, if any, is harmless, because the substance of that paragraph is contained in the abovementioned designated materials. Furthermore, no objection to or motion to strike the allegedly conclusory or inadmissible evidence was made below. One cannot raise an issue on appeal that was not raised below. *See Davidson v. Cincinnati Ins. Co.,* 572 N.E.2d 502, 505 (Ind.Ct.App.1991).

If the injured employee ... shall agree to receive compensation from the employer or the employer's compensation insurance carrier ... the employer or the employer's compensation insurance carrier shall have a lien upon any settlement award ... out of which the employee might be compensated from the third party.

\* \* \*

The employer or the employer's compensation insurance carrier shall pay its pro rata share of all costs and reasonably necessary expenses in connection with asserting the third party claim, action or suit, including but not limited to costs of depositions and witness fees, and to the attorney at law selected by the employee or his dependents, a fee of twenty-five percent (25%), if collected without suit, of the amount of benefits which benefits shall consist of the amount of reimbursements, after the expenses and costs in connection with the third party claim have been deducted therefrom, and a fee of thirty-three and one-third percent (33 1/3%), if collected with suit, of the amount of benefits after deduction of costs and reasonably necessary expenses in connection with the third party claim, action or suit....

We have found no provision in the statute for advance payment by the employer or employer's insurance carrier of its pro rata share of expenses relating to assertion of the claim.

The trial court was correct in relying upon the clear and unambiguous language of the statute in determining that Hartford was entitled to summary judgment. First, a fund had to be created against which a lien could be asserted by Hartford. "If an action against the other person is brought by the injured employee ... and settlement is made with the other person ... then from the amount received by the employee ... there shall be paid to the employer or the employer's compensation insurance carrier, subject to its paying its pro rata share of reasonable and necessary costs and expenses ... the amount of compensation paid to the employee." *See* Ind. Code § 22–3–2–13. The pro rata share of expenses could not be determined until a settlement had been reached or judgment had been entered against Wilhelm. The pro rata share of attorney fees could not be determined until a settlement was reached, entitling the attorney to a fee of twenty-five percent of the amount of benefits repaid after costs and expenses, or a judgment was entered, entitling the attorney to thirty-three and one-third percent of the amount of benefits repaid after costs and expenses. The trial court did not err. Hartford was not required to pre-pay its pro rata share of costs and expenses in order to receive reimbursement from the Welters.

The Welters' argument that the purpose of the Worker's Compensation Act, shifting the burden from employees to employers or employers' insurance carriers, would be defeated unless pre-payment of the pro rata share of expenses is made by Hartford falls short here. The Welters' contend that Hartford failed to assume any risk of loss involved in the assertion of the claim absent the pre-payment of a share of the expenses. However, the Welters do not acknowledge that Hartford paid worker's compensation benefits to the Welters in the amount of $71,061.75.

## CONCLUSION

The trial court correctly determined that Hartford was entitled to summary judgment. Ind.Code § 22–3–2–13 does not contain a provision requiring an employer or the employer's insurance carrier to advance payment of its pro rata share of expenses incurred by an employee in asserting a third party claim in order to receive reimbursement for amounts paid as compensation to the employee. Furthermore, an employer or the employer's insurance carrier does not waive its right to reimbursement by failing to forward its

pro rata share of costs and expenses as they are incurred.

Affirmed.

NAJAM, J., and BAILEY, J., concur.