**Jeff DOERR, Appellant–Plaintiff,**

v.

**LANCER TRANSPORT SERVICES, Appellee–Defendant.**

No. 93A02–0606–EX–515.

Court of Appeals of Indiana.

June 28, 2007.

Paul A. Brizendine, Brizendine Law Office, LLC, Floyds Knobs, IN, Attorney for Appellant.

G. Terrence Coriden, Coriden Law Office, LLC, Columbus, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Jeff Doerr appeals the decision of the Full Worker's Compensation Board, which held that to reinstate his worker's compensation claim against his employer, Lancer Transport Services, Doerr was required to pay Lancer the sums he obtained in a settlement reached with the third-party tortfeasor without Lancer's knowledge or consent. Lancer cross-appeals alleging the Full Board erred when it reversed the Single Hearing Member's decision to dismiss Doerr's worker's compensation claim. Finding the Single Hearing Member correctly dismissed Doerr's claim, we reverse.

## FACTS AND PROCEDURAL HISTORY

On or about September 25, 2002, Doerr was employed as an over-the-road truck driver for Lancer. While driving for Lancer, Doerr was struck by a third party motorist when he exited his truck in Goshen, California. He sustained injuries to his neck, lower back, left leg and right hand.

By February 21, 2003, Doerr had not received any worker's compensation benefits, so he filed an application for adjustment of claim. On April 4, 2003, Lancer's worker's compensation carrier, Legion Insurance Company, filed notice it was in liquidation proceedings in Pennsylvania and was subject to a stay.

Doerr also pursued a third-party claim in California against the motorist who struck him and asserted his rights to underinsured motorist coverage against his own automobile insurance carrier. Doerr settled the claim against the motorist on September 4, 2003. On October 31, 2003, Doerr settled the claim against his uninsured motorist coverage. Both settlements were made without the knowledge of Lancer or Legion.

When the Pennsylvania court lifted the stay, Legion began processing Doerr's claim. It deposed him on January 23, 2004, at which time it found out about the settlements. Based thereon, Lancer moved to dismiss Doerr's application for adjustment of claim. The Single Hearing Member of the Worker's Compensation Board granted Lancer's motion to dismiss.

Doerr appealed to the Full Board, which reversed the dismissal of his claim, but ordered Doerr "to reimburse [Lancer] the total amount of his third party settlement in order to satisfy the provisions of IC 22–. 3–2–13." (App. at 7.) It ordered the cause would not be set for further hearing on Doerr's benefits and compensation until he had paid that amount. Both Doerr and Lancer appeal.

## DISCUSSION AND DECISION

Doerr and Lancer dispute whether Ind. Code § 22–3–2–13 prohibits Doerr from receiving worker's compensation benefits. "The resolution of this issue involves a question of law which we review *de novo*." *DePuy v. Farmer*, 847 N.E.2d 160, 164 (Ind.2006).

If the Worker's Compensation Act (WCA) applies to an injury, the rights and remedies granted to an employee by the WCA "exclude all other rights and remedies of such employee." Ind.Code § 22–3–2–6. Nevertheless, Ind.Code § 22–3–2–13 "has a number of provisions that explicitly

or by judicial construction allow an employee to sue a 'third party.' "[1] *DePuy*, 847 N.E.2d at 166. The proper application of the nine paragraphs of Section 13[2] is at the heart of this appeal.

The Single Hearing Member of the Board dismissed Doerr's claim based on the second paragraph of Section 13,[3] which provides if an injured employee who has not received benefits settles with the responsible party, "then the employer or the employer's compensation insurance carrier shall have no liability ... whatsoever." Ind.Code § 22–3–2–13. Because Doerr settled with the tortfeasor in California before receiving benefits from Lancer or Legion, Lancer and Legion have no liability for Doerr's injuries.

While we believe the explicit language of Paragraph Two compels this result, we briefly explain why we must reject the arguments advanced by Doerr and the position taken by the Full Board.

The Full Board reversed the dismissal of Doerr's claim, contingent on Doerr's payment to Lancer of "the total amount of his third party settlement in order to satisfy the provisions of IC 22–3–2–13." (App. at 7.) The Full Board does not indicate whether that repayment will satisfy a specific paragraph of Section 13 or whether its statement reveals what the Board be-lieves to be the general legislative intent underlying that Section. We believe it satisfies neither.

The only provision of that section that might support the Board's action is Paragraph Three, which in relevant part provides:

> In the event any injured employee ... shall procure a final judgment against the other person *other than by agreement,* and the judgment is for a lesser sum than the amount for which the employer or the employer's compensation insurance carrier is liable for compensation and for medical, surgical, hospital and nurses' services and supplies, as of the date the judgment becomes final, then the employee, or in the event of his death, his dependents, shall have the option of either collecting the judgment and repaying the employer or the employer's compensation insurance carrier for compensation previously drawn, if any, and repaying the employer or the employer's compensation insurance carrier for medical, surgical, hospital and nurses' services and supplies previously paid, if any, ... or of assigning all rights under the judgment to the employer or the employer's compensation insurance carrier and thereafter receiving all com-

---

**1.** "Section 13 defines a 'third party' as a person who is not 'the employer and not in the same employ.' " *DePuy*, 847 N.E.2d at 166.

**2.** The paragraphs of Section 13 are not numbered, but "[f]or convenience we will refer to these paragraphs as if they bore numbers." *DePuy*, 847 N.E.2d at 166.

**3.** The full text of the second paragraph provides:

> In the event the injured employee or his dependents, not having received compensation or medical, surgical, hospital or nurses' services and supplies or death benefits

from the employer or the employer's compensation insurance carrier, shall procure a judgment against the other party for injury or death, which judgment is paid, or *if settlement is made with the other person either with or without suit, then the employer or the employer's compensation insurance carrier shall have no liability for payment of compensation or for payment of medical, surgical, hospital or nurses' services and supplies or death benefits whatsoever,* whether or not one (1) or all of the dependents are entitled to share in the proceeds of settlement or recovery and whether or not one (1) or all of the dependents could have maintained the action or claim for wrongful death.

pensation and medical, surgical, hospital and nurses' services and supplies, to which the employee or in the event of his death, which his dependents would be entitled if there had been no action brought against the other party.

Ind.Code § 22–3–2–13 (emphasis supplied). Under this paragraph, if an employee sues the responsible third party and obtains a judgment for an amount less than the employer's liability for his injuries, the employee may, in effect, "exchange" the judgment for worker's compensation benefits by assigning the judgment to the employer. This is what the Full Board purported to do: it ordered that if Doerr gave Lancer the settlement money, Doerr's worker's compensation claim would be reinstated. However, Doerr did not "procure a final judgment against the other person other than by agreement." *Id.* Rather, his final judgment against the third party was procured by agreement.

Because his judgment was procured by agreement, we also cannot not agree the Full Board's decision reflects the legislative intent underlying Section 13. Our interpretation of Section 13, as a whole, is the legislature was attempting to protect simultaneously the financial interests of both the employee[4] and employer.[5] Permitting an employee to obtain a "quick and cheap" settlement with the third-party

tortfeasor, and then requiring an employer to exchange unlimited benefits for whatever miniscule settlement the employee might enter, does not protect the financial interests of the employer.

On the other hand, when an employee receives a judgment "other than by agreement," we can presume the judgment reflects the fair-market value of the damages that occurred and the judgment would have been substantially similar regardless of whether the case was litigated by the employee, employer, or insurer. For these reasons, we do not believe the legislature's use of the phrase "other than by agreement" was accidental, and we decline to ignore that phrase to find the legislature intended the result reached by the Full Board.

Doerr suggests we avoid the harsh result of Paragraph Two by applying Paragraph Nine to find invalid the settlements he made. Paragraph Nine provides:

No release or settlement of claim for damages by reason of injury or death, and no satisfaction of judgment in the proceedings, shall be valid without the written consent of both employer or the employer's compensation insurance carrier and employee or his dependents, except in the case of the employer or the employer's compensation insurance carrier, consent shall not be required where the employer or the employer's compen-

---

Ind.Code § 22–3–2–13 (emphasis supplied).

4. If the employee receives a judgment or settlement for greater than the employer's liability, the employee must reimburse the employer for compensation given, minus the employer's share of the attorney fees and costs of the action, but then the employee is permitted to retain the excess. Paragraph 1. If the employee receives a "judgment ... other than by agreement" for less than the employer's liability, the employee may exchange the judgment for worker's compensation benefits. Paragraph 3.

5. Paragraph Seven requires an employee who files suit against a third party to notify the employer or employer's insurance carrier within thirty days of filing. Paragraph Eight permits the employer or its insurer ninety days to join the employee's action "so that all orders of court after hearing and judgment shall be made for his protection." Paragraph Six permits the employer or its insurer to file an action against the third-party tortfeasor to recover sums paid to the employee or the employee's dependents, in the event the employee or his dependents have not filed such an action.

sation insurance carrier has been fully indemnified or protected by court order.

Ind.Code § 22–3–2–13. Doerr may not use that language to collaterally attack the settlement he entered with the unnamed third-party tortfeasor. To permit Doerr to invalidate that settlement at this late date would be unjust to the third-party, who has believed for nearly four years that this matter was settled. Rather, we believe the legislature's intent in that paragraph was to remind employees, employers, and insurers that agreements with third parties should not be made without the consent of the others, because such settlements or releases would not be valid for determining the rights and responsibilities under the WCA of those who had not consented.

Finally, Doerr urges us to follow a recent trend in Section 13 cases noted by our Indiana Supreme Court in *DePuy:* "the Court of Appeals has backed away from the strict bar to worker's compensation after an injured employee has received some money from a third party." 847 N.E.2d at 168, n. 4. However, each decision discussed in that footnote differs from Doerr's case in one at least one important respect. In *Ansert Mech. Contractors, Inc. v. Ansert,* 690 N.E.2d 305 (Ind.Ct. App.1997), *trans. denied,* the employee had accepted money without a written settlement agreement with the third party, so the third party presumably could still be held accountable for additional sums. In *Calvary Temple Church, Inc. v. Paino,* 555 N.E.2d 190 (Ind.Ct.App.1990), the employee settled with the third party for a sum greater than the insurer had paid out on behalf of the employee; under Paragraph One of Section 13, the insurer could be fully reimbursed from the settlement made. Doerr's reliance on these cases is unavailing.

Paragraph Two of Ind.Code § 22–3–2–13 requires us to hold Doerr's settlement with the third-party tortfeasor without the written consent of Lancer or Legion, relieved Lancer of liability for Doerr's worker's compensation claim. If the legislature intended a different result under these facts, then we must leave it to the legislature to modify Ind.Code § 22–3–2–13. The decision of the Full Worker's Compensation Board is reversed, and Doerr's application for adjustment is dismissed.

Reversed.

SHARPNACK, J., and BAILEY, J., concur.