Raymond L. WILLIAMS, Jr., and Lisa Williams, Appellants–Plaintiffs,

v.

DELTA STEEL CORPORATION and Caine Steel Tube Corporation, Appellees–Defendants.

No. 45A05–9711–CV–482.

Court of Appeals of Indiana.

June 11, 1998.

Edward L. Murphy, Jr., Larry L. Barnard, Miller Carson Boxberger & Murphy LLP, Fort Wayne, Dale J. Starkes, Starkes Law Office, Winamac, for Appellants–Plaintiffs.

Jane Amdahl, Highland, for Appellee–Defendant Caine Steel Tube Corporation.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

On May 1, 1996, Raymond L. Williams, Jr., ("Raymond") and Lisa Williams (collectively, "the Williams") filed a Complaint for Damages against Caine Steel Tube Corporation ("Caine") for injuries that Raymond sustained while working for Caine. The complaint also claimed damages for Lisa Williams' alleged loss of consortium. On July 3, 1996, Caine filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, alleging that the Williams' action was barred by the exclusivity provision of the Indiana Worker's Compensation Act ("the Act"). Caine later amended that motion and argued that the Williams' action was barred because Raymond had agreed to compensation under the Act. In opposition, the Williams argued that Caine had required Raymond to operate a machine which the corporation knew would cause injury and that such allegedly intentional conduct removed the complaint from the exclusivity provision of the Act. On November 5, 1996, the trial court dismissed the Williams' complaint as it pertained to Caine.[1] On July 30, 1997, the trial court entered final judgment for Caine, and the Williams now appeal.

We affirm.

### ISSUE

The dispositive issue presented for our review is whether the compensation agreement entered into by Raymond and Caine and approved by the Indiana Worker's Compensation Board bars the Williams from pursuing an action at law against Caine.

### FACTS

On January 31, 1995, Raymond, a Caine employee, was injured while working on a machine designed to roll steel into coils. Williams' right arm was amputated by the machine, and he suffered severe lacerations to his head, neck and shoulder and to the right side of his body. On February 9, 1995, Raymond signed an Agreement to Compensation of Employee and Employer. The Worker's Compensation Board of Indiana (the "Board") approved the agreement on or about March 10, 1995. Under the agreement, Caine's worker's compensation insurance carrier paid $191,357.73 to Raymond for medical care and expenses and $24,060.80 to him for lost wages.

### DISCUSSION AND DECISION

The Williams contend that the trial court erred when it dismissed their lawsuit against Caine for lack of subject matter jurisdiction. Specifically, the Williams argue that their tort action is exempt from the exclusivity provision of the Act, Indiana Code § 22–3–2–6,[2] because Caine allegedly intended Raymond's injuries. Caine counters that the Williams have failed to demonstrate that Caine intended Raymond's injuries and, further, that the Williams are barred from pursuing an action at law because Raymond elected to recover under the Act. We choose to address Caine's second contention as dispositive.[3]

---

1. The complaint also named Delta Steel Corporation, the manufacturer of the machine which injured Raymond, as a defendant and claimed that Delta had violated the provisions of Indiana's Products Liability Act. The trial court dismissed that Williams' claim and entered judgment for Delta on June 30, 1997. The Williams present no issue on appeal pertaining to Delta.

2. That section provides:
   The rights and remedies granted to an employee subject to I.C. 22–3–2 through I.C. 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of

such injury or death, except for remedies available under I.C. 5–2–6.1.

3. In support of their tort action, the Williams allege that Caine, through its plant manager, was aware of the dangerous condition of the machine that injured Raymond and that, despite such awareness, still required Raymond to use the machine. Thus, the Williams argue that Caine "had actual knowledge that injury was certain to occur." Because we address the election of remedies issue as dispositive, we need not discuss at length whether the Williams have established the requisite level of intent. Rather, we summarily conclude that the Williams have failed to prove that Raymond's injuries were the "intended product" of Caine's actions. See *Foshee v. Sho-*

■ A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind.1994). The court must determine whether the kind of claim the plaintiff advances falls within the general scope of authority conferred upon the court by the Constitution or by statute. *Behme v. Behme*, 519 N.E.2d 578, 582 (Ind.Ct.App. 1988). In so doing, the court may resolve factual disputes and has considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction. *Perry*, 637 N.E.2d at 1286–87. Thus, the court may consider not only the complaint and motion but any affidavits or other evidence admitted and may weigh the evidence to determine the existence of the requisite jurisdictional facts. *Id.* at 1287.

■ The Indiana Worker's Compensation Act is the exclusive remedy of an employee injured in an accident arising out of and in the course of employment with his employer. IND.CODE § 22–3–2–6. Whether an injury arises out of and in the course of employment is a question of fact to be determined by the Board. Thus, a trial court may not exercise jurisdiction over an action involving a work-related injury unless the plaintiff can demonstrate that the action is exempt from the exclusivity provision of the Act. In particular, a plaintiff may avoid application of the Act if he can establish that the employer intended the employee's injuries. *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1274 (Ind.1994).

■ Caine insists that the Williams' action is barred by the doctrine of election of remedies. In support, Caine directs us to *Indiana University Hosps. v. Carter*, 456

N.E.2d 1051 (Ind.Ct.App.1983), in which we held:

> [B]y electing to come under the [Worker's] Compensation Act, an employer and employee accept the procedure provided by that act for the adjudication of claims for compensation, and they waive the right of a trial by jury. An agreement, when filed with and approved by the [Worker's Compensation] Board has the force and effect of an award, and adjudicates the facts involved therein. . . .
>
> . . . . Where there is no fraud on the part of the employer or an attempt to take advantage of the employee, the fact that the employee is ignorant of the provisions of [the Act] at the time he accepts compensation from his employer with full knowledge of all the facts does not defeat the effect of such acceptance as an election to take the compensation.

*Id.* at 1054, 1055 (citations omitted).[4] In reaching that conclusion, we reasoned that an employee, by accepting and receiving compensation under the Act, concedes that the injury was accidental in nature[5] and that it arose out of and in the course of employment. *Id.* at 1056. Thus, the employee is precluded from repudiating that position by claiming that his injury was not accidental but was instead caused by the employer's intentional acts. *See id.* (employee who accepted compensation under the Act may not later claim that the injuries occurred outside the scope of employment); *see accord Werner v. State*, 53 N.Y.2d 346, 441 N.Y.S.2d 654, 424 N.E.2d 541 (1981) (worker's compensation award was *res judicata* as to "accidental" character of the employee's injuries).[6]

In response, the Williams argue that *Carter* has been overturned by our decisions in *Wolf v. Kajima International, Inc.*, 621

---

**4.** Almost all of the facts alleged in the Williams' complaint were known to them when Raymond signed the compensation agreement. Further, the Williams do not claim that Raymond signed the agreement due to fraud or duress.

ney's, *Inc.*, 637 N.E.2d 1277, 1281 (Ind.1994); *see also Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1275 (Ind.1994) (employee must establish that employer itself, rather than supervisor, manager or foreman, intended injury).

**5.** An injury is "by accident" when it is intended by neither the victim-employee nor by the employer. *Perry*, 637 N.E.2d at 1287.

**6.** An injured employee is likewise precluded from claiming compensation after bringing a successful common-law action against his employer. We note, however, that "successful" implies that the employee actually collects the judgment or award. *See* 6 LARSON'S WORKERS' COMPENSATION LAW § 67.32 at 12–174 (1997).

N.E.2d 1128 (Ind.Ct.App.1993), *adopted by* 629 N.E.2d 1237 (Ind.1994), and *Lewis v. Lockard,* 498 N.E.2d 1024 (Ind.Ct.App.1986). The Williams further argue that public policy demands that we reject the election of remedies doctrine articulated in *Carter.* We disagree with both arguments.

Contrary to the Williams' assertion, the cases cited above do not stand for the proposition that an injured employee can recover from his employer both under the Act and in an action at law. Rather, these cases hold that an employee who receives, or is entitled to receive, worker's compensation may maintain a separate common law action against a third party, i.e. a party unrelated to the employer. *Wolf,* 621 N.E.2d at 1131, *Lewis,* 498 N.E.2d at 1026–27. As we stated in *Wolf:*

> Under our present statutory scheme the strong policy of prohibiting double recovery remains intact. However, as noted in [*Lewis* ], the specific provision in the prior version of Ind.Code §§ 22–3–2–13 and 14 denying the collection of both worker's compensation and tort damages has been replaced by a statutory scheme which also prevents double recovery, but through elaborate subrogation provisions.... Nothing in the current statute limits an injured employee to an election of remedies. Rather, where the injured employee receives compensation from his or her employer or the employer's compensation carrier, then the employer or the employer's compensation carrier "shall have a lien upon any settlement award, judgment or fund out of which the employee might be compensated *from a third party.*"

*Wolf,* 621 N.E.2d at 1131 (quoting IND.CODE § 22–3–2–13)[7] (citing *Lewis,* 498 N.E.2d at 1026) (emphasis added). The Williams' argument ignores the critical significance of the language emphasized above. As both *Wolf* and *Lewis* indicate, the Act allows an injured employee to receive a "double recovery" only in situations in which the action at law is brought against a third person. *See* IND. CODE § 22–3–2–13.[8] In all other cases, an employee may recover at law, if such an action is maintainable, or under the Act, but he may not recover under both.

We also reject the Williams' public policy argument. Specifically, the Williams assert:

> Even assuming, *arguendo,* that an employee was familiar with the Worker's Compensation Act and realized that by agreeing to receive temporary total disability benefits and having had his medical bills paid by his employer's compensation carrier, he was waiving his right to pursue an intentional tort claim, the employee is presented with the untenable choice of waiving his right to pursue a legitimate intentional tort claim, or being forced to survive with no income and not having his medical bills paid until a court finally resolves the question of whether he may pursue an action in state court.

We disagree that the election of remedies doctrine places an employee in an "untenable position." The election of remedies doctrine naturally flows from the exclusivity provision of the Act. That provision "is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts." 6 LARSON'S WORKERS' COMPENSATION LAW, § 65.20 at 12–1 to 12–12 (1997); *see also Baker,* 637 N.E.2d at 1274 ("Workers compensation obviates the uncertainty, delay and expense of common law remedies by substituting a fixed compensation according to reimbursement sched-

---

7. Indiana Code § 22–3–2–13 provides in relevant part:

Whenever an injury or death for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating *in some other person. than the employer and not in the same employ* a legal liability to pay damages in respect thereto, the injured employee may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article.

(emphasis added).

8. For instance, both *Wolf* and *Lewis* involve a general contractor's tort liability for injuries sustained by a subcontractor's employee. *Wolf,* 621 N.E.2d at 1129; *Lewis* 498 N.E.2d at 1025.

ules."). Given the policies served by the Act, we cannot conclude that an injured employee should benefit from the advantages afforded by the Act and still avail himself of a common law remedy.

In sum, we hold that once the Act has become applicable either by compulsion or by agreement, it affords the exclusive remedy for an injured employee or his dependents against the employer, and the employee is barred from attempting to recover under both the Act and at law. Our holding is not inconsistent with either *Wolf* or *Lewis*.[9] In addition, notwithstanding the Williams' argument, public policy does not require a contrary result.

Affirmed.

BAILEY and RILEY, JJ., concur.

---

9. The Williams also appeal the trial court's dismissal of Lisa Williams' loss of consortium claim. For the reasons stated in this opinion, that claim is also barred by the election of remedies doctrine and exclusivity provision of the Act. *See* IND CODE § 22–3–2–6.