Sandra WALDRIDGE, Appellant–
Plaintiff,

v.

FUTUREX INDUSTRIES, INC.,
Appellee–Defendant.

No. 93A02–9903–EX–169.

Court of Appeals of Indiana.

Aug. 16, 1999.

Robert F. Hellmann, Hellmann Law Firm, Terre Haute, Indiana, Attorney for Appellant.

Larry L. Barnard, James P. Buchholz, Miller Carson Boxberger & Murphy, L.L.P., Fort Wayne, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Sandra Waldridge appeals from an order of the Worker's Compensation Board of Indiana (the "Board") dismissing her claim for worker's compensation benefits from her former employer, Futurex Industries, Inc. ("Futurex"). Waldridge raises one issue on appeal which we restate as whether the legislature intended for the Indiana Comparative Fault Act,[1] which abrogated the common law release rule, to repeal the "release rule" provision in the Indiana Worker's Compensation Act by implication.[2]

We affirm.

### FACTS AND PROCEDURAL HISTORY

Sandra Waldridge was employed at Futurex from 1986 to 1988. During her employment, Waldridge was exposed to various chemicals, including lead, chromium, mercury and other heavy metal compounds, acrylonitrile, butadiene, styrene mixtures, polyvinyl chloride and polystyrene. As a result of the exposure, Waldridge suffers from chemical neurotoxicity resulting in Bell's Palsy, optic neuritis, severe headaches and fatigue.

In June of 1990, Waldridge filed an Application for Adjustment of Claim against Futurex. Waldridge also filed a third party action in the United States District Court for the Southern District of Indiana, Terre Haute Division, against various chemical manufacturers, one of which was Ampacet Corporation ("Ampacet"). Waldridge sued the manufacturers to recover for the physical injuries she sustained as a result of her exposure to the chemicals. In October of 1992, Waldridge entered into a Settlement Agreement and Release with Ampacet.

In August of 1996, Futurex filed a motion to dismiss Waldridge's worker's compensation claim. In that motion, Futurex argued that Waldridge's claim should be dismissed for lack of subject matter jurisdiction. After a hearing, a single hearing member of the Board entered its award and determined that under Indiana Code Section 22–3–2–13 of the Worker's Compensation Act (hereinafter "Section 13"), Waldridge's settlement of her third party claim in federal court barred worker's compensation recovery.[3] The full Board, with two members dissenting, affirmed the single hearing member's decision, and Waldridge now appeals.

### DISCUSSION AND DECISION

#### Standard of Review

■ The Indiana Worker's Compensation Act is the exclusive remedy of an em-

1. IND CODE § 34–4–33–1 *et seq.* (now codified at IND CODE § 34–51–2–1 *et seq.*).

2. IND CODE § 22–3–2–13.

3. Indiana Code Section 22–3–2–13 provides in relevant part:

   Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee ... may commence legal proceedings against the other person to recover damages notwithstanding the employer's ... payment of or liability to pay compensation under chapters 2 through 6 of this article.

   * * *

   In the event the injured employee ... not having received compensation ... from the employer ... shall procure a judgment against the other party for injury ... or if settlement is made with the other person either with or without suit, then the employer ... shall have no liability for payment of compensation....

ployee injured in an accident arising out of and in the course of employment with her employer. IND.CODE § 22–3–2–6. Whether an injury arises out of and in the course of employment is a question of fact to be determined by the Board. *Williams v. Delta Steel Corp.*, 695 N.E.2d 633, 635 (Ind.Ct.App.1998), *trans. denied.* Generally on appeal, we review the Board's decision to determine whether substantial evidence, together with any reasonable inferences that flow from such evidence, support the Board's findings and conclusions. *Walker v. Muscatatuck State Dev. Ctr.*, 694 N.E.2d 258, 266 (Ind. 1998).

■ But where the question before the court is primarily a legal question, we do not grant the same degree of deference to the Board's decision. *Id.* When interpreting the provisions of the Worker's Compensation Act, we construe the Act and resolve doubts in the application of terms in favor of the employee so as to effectuate the Act's humanitarian purpose to provide injured workers with an expeditious and adequate remedy. *Id.*

### The "Release Rule" Provision in Indiana's Worker's Compensation Act

■ Waldridge argues that the Board erred as a matter of law when it concluded that her claim against Futurex is barred by Section 13 of the Worker's Compensation Act. In particular, Waldridge asserts that the Comparative Fault Act impliedly repealed the release rule provision in Section 13.[4]

■ When construing statutes, we are bound by many familiar rules of statutory construction. *Board of Trustees of Indiana Pub. Employees' Retirement Fund v. Grannan*, 578 N.E.2d 371, 375 (Ind.Ct.App.1991), *trans. denied.* When two statutes on the same subject matter must be construed together, the court should attempt to give effect to both. *Id.* Where the two are repugnant, however, the later statute will control and operate to repeal the earlier to the extent of the conflict. *Id.* Still, the court must first attempt to harmonize the two statutes before applying any other rules of construction. *Id.*

■ The repeal of statutes by implication is not favored under Indiana law. *State v. Magnuson*, 488 N.E.2d 743, 751 (Ind.Ct. App.1986), *trans. denied.* We repeal statutes by implication only where a later statute is so repugnant to and inconsistent with an earlier statute that it *must be assumed* the legislature did not intend both statutes to stand. *Id.* (emphasis added). If at all possible, we will adopt a construction which gives effect to both. *Northern Indiana Pub. Serv. Co. v. Citizens Action Coalition, Inc.*, 548 N.E.2d 153, 159 (Ind.1989).

The Worker's Compensation Act is designed to grant compensation to injured employees without regard to fault. *Hill v. Beghin*, 644 N.E.2d 893, 897 (Ind.Ct.App.1994), *trans. denied.* Once an injured employee accepts or receives compensation under the Act, she concedes that the injury was accidental in nature and that it arose out of and in the course of employment. *Williams*, 695 N.E.2d at 635. Accordingly, the employee may not later sue her employer in tort based on the same work-related injury. *Id.*

Under Section 13 of the Worker's Compensation Act, however, an injured employee may bring an action against a third party who has an alleged legal liability to pay damages for the injury. IND.CODE § 22–3–2–13; *Ansert Mechanical Contractors, Inc. v. Ansert*, 690 N.E.2d 305, 307 (Ind.Ct.App. 1997). Section 13 is an exception to the general rule limiting an employee's recovery of job-related accidental injuries to worker's compensation because it permits the injured employee to bring suit against individuals other than the employer or fellow employees. *Northcutt v. Smith*, 642 N.E.2d 254, 256 (Ind.Ct.App.1994). Nevertheless, Section 13 also provides that if the injured employee enters into a settlement and release with a third party, the liability of the employer, or the employer's compensation carrier, to pay further compensation terminates. *Ansert*, 690 N.E.2d at 307.

Waldridge complains that Section 13 assumes a viable common law release rule and,

---

4. Indiana's legislature enacted the Comparative Fault Act in 1983.

thus, is repugnant to the Comparative Fault Act. In support, she directs us to our supreme court's decision in *Huffman v. Monroe County Community Sch. Corp.*, 588 N.E.2d 1264 (Ind.1992). In that case, the court addressed the common law release rule and the validity of the rule's application since the adoption of the Comparative Fault Act. *Id.* at 1266–67. The court explained that "Indiana has traditionally adhered to the common law doctrine that release of one joint tortfeasor operates as a release of all other tortfeasors." *Id.* at 1266. After examining the Comparative Fault Act, however, the court determined that "the underlying rationales for the release rule have been destroyed by the legislature's enactment of the Comparative Fault Act" and held that the release rule was no longer the common law of Indiana. *Id.*

Waldridge's reliance on *Huffman* is misplaced. The issue in *Huffman* was whether the enactment of the Comparative Fault Act abrogated a common law rule. But the issue here is whether the legislature intended for the Comparative Fault Act to repeal an express provision in another statute. Further, Waldridge has not identified a specific provision of the Comparative Fault Act which allegedly conflicts with Section 13. Instead, she refers to the Comparative Fault Act generally. Even if Waldridge had relied upon a specific section of the Comparative Fault Act, her claim would fail.

■ The Worker's Compensation Act and the Comparative Fault Act are fundamentally different both in nature and scope. The purpose behind the Worker's Compensation Act is to provide injured employees with a statutory right to compensation from their employers, regardless of fault. *Ross v. Schubert*, 180 Ind.App. 402, 406, 388 N.E.2d 623, 627 (1979). On the other hand, the Comparative Fault Act allocates fault among those persons whose negligent actions have caused injury. *Boone Co. Rural Elec. Membership Corp. v. Layton*, 664 N.E.2d 735, 738 (Ind.Ct.App.1996), *trans. denied.*

As this court stated in *Ross:* "In enacting the [Worker's] Compensation Act, the legislature never intended to abridge the remedies an employee has in tort against a *third*

*party." Id.* However, Section 13 is one of several provisions of the Worker's Compensation Act which evinces a strong policy against an injured employee receiving "double recovery." *See Freel v. Foster Forbes Glass, Co.*, 449 N.E.2d 1148, 1151 (Ind.Ct. App.1983) (citing *Bebout v. F.L. Mendez & Co.*, 110 Ind.App. 28, 37 N.E.2d 690 (1941)). Stated differently, while the Act permits an employee both to seek worker's compensation *and* bring suit against a third party, it prevents "double recovery" through subrogation procedures contained within Section 13. *See Wolf v. Kajima Intern., Inc.*, 621 N.E.2d 1128, 1131 (Ind.Ct.App.1993) (where injured employee receives compensation from employer, employer has a lien on any settlement award, judgment or fund out of which the employee may be compensated by the third party), *adopted by* 629 N.E.2d 1237 (Ind. 1994). This prohibition against "double recovery" has been a part of worker's compensation law since its inception and remains intact. *See id.; see also Williams*, 695 N.E.2d at 635–36.

We acknowledge Waldridge's concern with the difficult choice injured employees may encounter should they pursue both a worker's compensation claim and a third party suit. Because of a recent amendment to the Comparative Fault Act, employers may now be named as "nonparties" in an employee's tort action and, thus, a percentage of fault may be attributed to the employer. *See* IND.CODE § 34–4–33–2(a)(2) (now codified at IND.CODE § 34–6–2–88); *see also Estate of Robinson v. C & I Leasing, Inc.*, 691 N.E.2d 474, 476 (Ind.Ct.App.1998), *trans. denied.* As a result, the injured employee may be forced to forego a settlement with a third party defendant so as not to bar the receipt of worker's compensation benefits from her employer.

Under the separation of powers doctrine, the constitution empowers the legislative branch to make law. *Indiana Wholesale Wine & Liquor Co. v. State ex rel. Indiana Alcoholic Beverage Comm'n*, 695 N.E.2d 99, 107 (Ind.1998). Waldridge's contention, while credible, should be addressed to the legislature. Here, the only issue properly before us is whether the Comparative Fault

Act repealed Section 13 by implication. We decline to hold that our legislature must have intended for the Comparative Fault Act to repeal Section 13 of the Worker's Compensation Act. As a result, Waldridge, who entered into a settlement and release with a third party defendant, is barred from seeking worker's compensation benefits from Futurex. We affirm the Board's decision to dismiss Waldridge's claim.

Affirmed.

STATON, J., and RUCKER, J., concur.