**James Dwight SIMMONS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A05–0112–CR–565.**

Court of Appeals of Indiana.

Aug. 6, 2002.

other than a defendant." Ind.Code § 35–42–5–1.

Geoffrey B. Yelton, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

James Dwight Simmons appeals the portion of his sentence for operating while intoxicated ("OWI") as a Class D felony requiring him to be imprisoned for six months. We affirm.

### Issue

The sole restated issue before us is whether the trial court incorrectly assumed it was required to order six months imprisonment because Simmons had at least two prior unrelated OWI convictions.

### Facts

On August 11, 2000, the State charged Simmons with OWI, a Class A misdemeanor, OWI with a previous OWI conviction within the past five years, a Class D felony, and operating a vehicle after being adjudged an habitual traffic violator, a

Class D felony. Simmons had previous OWI convictions in 1991, 1992, and 1995. Simmons agreed to plead guilty to the habitual traffic violator and Class D felony OWI charges, with sentencing left to the trial court's discretion.

In its pre-sentence report, the Madison County Probation Department recommended that Simmons be sentenced to two consecutive two-year terms, with two years suspended and two years to be served on work release. At the sentencing hearing, the State objected to this recommendation, asserting that Simmons was required by statute, as one with at least two prior OWI convictions, to serve a minimum of six months in secure detention and not in a community corrections program. The trial court agreed and accepted the probation department's recommendation with the exception that Simmons serve 180 days in jail and 548 days on work release. Simmons now appeals.[1]

### Analysis

■ Simmons contends the statutory requirement that one convicted of a felony OWI charge with at least two prior OWI convictions must serve at least six months imprisonment, enacted in 1996, was essentially repealed by a 1999 statutory enactment stating that upon a third OWI conviction, a trial court shall order that the person be imprisoned for at least ten days. Initially, we note, after reviewing the transcript of the sentencing hearing, that Simmons did not present this argument to the trial court. Ordinarily, a party cannot argue a new theory on appeal that was not

presented to the trial court. *See Carmichael v. Siegel,* 754 N.E.2d 619, 634 (Ind. Ct.App.2001). Because of the importance of the question raised, however, and because it involves a pure question of law, we choose to address this issue on the merits.

■ Indiana Code Section 35–50–2–2 is known as the "General Suspension Statute." *Saintignon v. State,* 749 N.E.2d 1134, 1135 (Ind.2001). The statute restricts a trial court's authority to suspend a sentence for a felony conviction when the offender has been convicted of certain specified offenses or has a prior adult criminal record of a specified nature. *Id.* In 1996, the General Assembly amended the General Suspension Statute by adding subsection (b)(4)(Q), so that it reads as follows:

(b) With respect to the crimes listed in this subsection, the court may suspend only that part of the sentence that is in excess of the minimum sentence:

\*     \*     \*     \*     \*     \*

(4) The felony committed was:

\*     \*     \*     \*     .\*     \*

(Q) an offense under IC 9–30–5 (operating a vehicle while intoxicated) and the person who committed the offense has accumulated at least two (2) prior unrelated convictions under IC 9–30–5. . . .

The minimum sentence for a Class D felony is six months. *See* Ind.Code § 35–50–2–7(a); *Antcliff v. State,* 688 N.E.2d 166, 170 (Ind.Ct.App.1997).[2] Indiana Code

---

1. Simmons was permitted by the trial court to begin the work release portion of his sentence before beginning the 180–day jail term.

2. Until recently, there was a conflict between Indiana Code Section 35–50–2–1(c)(5), which stated that the minimum sentence for a Class D felony was one year, and Indiana Code Section 35–50–2–7(a), which states that the presumptive term for a Class D felony is one

and one-half years, with up to one year possibly subtracted for mitigating circumstances, leaving an effective minimum sentence of six months. The General Assembly has now amended Section 35–50–2–1(c)(5) to state that the minimum sentence for a Class D felony is, in fact, six months. P.L. 243–2001 § 2.

Section 35–38–2.6–1(b)(3) precludes a defendant's placement in a community corrections program for the nonsuspendable portion of his or her sentence if he or she has committed one of the crimes listed in Section 35–50–2–2(b)(4). Therefore, the trial court here correctly determined that if six months of Simmons' sentence was nonsuspendable under Section 35–50–2–2(b)(4)(Q) because of his prior OWI convictions, he could not be placed in a work release program for those six months.

In 1999, the General Assembly substantially rewrote Indiana Code Section 9–30–5–15. Among other changes, it added a new subsection (b), which provides:

> In addition to any criminal penalty imposed for an offense under this chapter, the court shall:
>
> (1) order:
>
> (A) that the person be imprisoned for at least ten (10) days; or
>
> (B) the person to perform at least sixty (60) days of community restitution or service; and
>
> (2) order the person to receive an assessment of the person's degree of alcohol and drug abuse and, if appropriate, to successfully complete an alcohol or drug abuse treatment program, including an alcohol deterrent program if the person suffers from alcohol abuse;
>
> if the person has at least two (2) prior convictions of operating while intoxicated.

Simmons argues that the effect of this 1999 amendment was to repeal the 1996 amendment to the General Suspension Statute by reducing the minimum mandatory period of incarceration for one convicted of at least his or her third OWI felony offense from six months to either ten days or sixty days of community restitution or service (which is not incarceration at all). Although we agree the two statutes may initially appear inconsistent, we conclude they can be rationally harmonized.

■■■ "In instances where the two acts deal with the same particular subject, the statutes must be examined carefully and harmonized if possible." *Citizens Action Coalition of Indiana, Inc. v. Public Service Commission of Indiana,* 425 N.E.2d 178, 184 (Ind.Ct.App.1981). "As a general rule, there is a presumption that the Legislature in enacting a particular piece of legislation has in mind existing statutes covering the same subject." *Id.* "When two statutes or two sets of statutes are apparently inconsistent in some respects, and yet can be rationalized to give effect to both, then it is our duty to do so. It is only when there is irreconcilable conflict that we can interpret the legislative intent to be that one statute gives way to the other." *Wright v. Gettinger,* 428 N.E.2d 1212, 1219 (Ind.1981). Furthermore, the implied repeal of statutes is disfavored under Indiana law. *Waldridge v. Futurex Industries, Inc.,* 714 N.E.2d 783, 785 (Ind. Ct.App.1999), *trans. denied* (2000). "We repeal statutes by implication only where a later statute is so repugnant to and inconsistent with an earlier statute that it must be assumed the legislature did not intend both statutes to stand." *Id.* If at all possible, we will adopt a construction that gives effect to both statutes. *Id.*

Clearly, Sections 35–50–2–2(b)(4)(Q) and 9–30–5–15(b) both deal with the same subject matter: the appropriate minimum incarceration period for someone convicted of OWI with at least two prior OWI convictions. We presume the General Assembly was well aware of the nonsuspendability provision of Section 35–50–2–2(b)(4)(Q) when it subsequently amended Section 9–30–5–15. We must strive to construe both statutes in such a manner to give effect to both and avoid concluding that the General Assembly intended to implicitly repeal

Section 35–50–2–2(b)(4)(Q). *See id.* We can do so.

Consider the following scenario. In 1996, a defendant is convicted of OWI, a misdemeanor under Indiana Code Section 9–30–5–2. In 1998, the same defendant is again convicted of OWI. Because of the other OWI conviction within the previous five years, the defendant is found guilty of a Class D felony pursuant to Indiana Code Section 9–30–5–3. In 2002, the defendant is yet again convicted of OWI; again, because of the previous OWI conviction in the last five years, he may be convicted of a Class D felony. Under Indiana Code Section 35–50–2–7(b), however, the trial court may decide to enter judgment for this offense as a Class A misdemeanor. Although this is the defendant's third OWI conviction, the nonsuspendability provision of Indiana Code Section 35–50–2–2(b)(4)(Q) is inapplicable, because by its express terms it only governs sentences for felonies.[3] Under Indiana Code Section 35–50–3–1, the trial court could decide to suspend the entirety of the defendant's Class A misdemeanor sentence. Indiana Code Section 9–30–5–15(b), however, would prevent the trial court from doing so and would require the imposition of at least a ten-day executed sentence. There are other possible scenarios in which a defendant who has committed his third OWI may be convicted of only a misdemeanor as opposed to a Class D felony.

Section 9–30–5–15(b), therefore, is not irreconcilably in conflict with Section 35–50–2–2(b)(4)(Q), because it operates to require a minimum term of imprisonment in situations where the General Suspension Statute is inapplicable. We also note that Section 9–30–5–15(b) begins by stating the penalties it provides are "[i]n addition to any criminal penalty imposed for an offense under this chapter," not *instead* of any such penalties. This indicates that Section 9–30–5–15(b) is to be construed in conjunction with the general statutory criminal sentencing scheme, which includes Section 35–50–2–2.

■ We also discern from the face of Section 9–30–5–15 that it was not intended to be ameliorative with respect to possible punishments for OWI offenses. Subsection (a) of 9–30–5–15, prior to the 1999 amendment, required trial courts to impose a term of imprisonment "for five (5) days" if the person had one previous OWI conviction. After the 1999 amendment, this was changed to a term of imprisonment of "*at least* five (5) days." (Emphasis added). It is also worth noting that subsection (a), both before and after the amendment, requires a term of imprisonment where one would not otherwise be required, because Section 35–50–2–2(b)(4)(Q) applies only when a person has two or more previous OWI convictions; it would be internally inconsistent to conclude that subsection (a) of Section 9–30–5–15 is more punitive than the general criminal sentencing scheme, while subsection (b) was intended to be ameliorative and less harsh than the general criminal sentencing scheme. Additionally, there was no separate provision before the 1999 amendment requiring a term of imprisonment of at least ten days in the event a person had two or more previous OWI convictions. The 1999 amendment to Section 9–30–5–15, therefore, increased the possible punishments for OWI; it did not decrease them. "An amendment to a statute is only ameliorative if the maximum penalty under the new version of the statute is shorter than the maximum penalty

---

**3.** Additionally, Indiana Code Section 35–50–2–1(a) expressly provides that a "Class D felony conviction" does not include Class D felonies for which judgment was entered as a Class A misdemeanor.

under the old version of the statute." *Hellums v. State,* 758 N.E.2d 1027, 1029 (Ind. Ct.App.2001).

■ We conclude that the 1999 amendment to Section 9–30–5–15, and specifically the addition of subsection (b), was intended to act as a "gap-filler," or to require a term of imprisonment for one convicted of OWI more than twice, but not convicted of a felony. As such, we construe Section 9–30–5–15(b) as operating to require an imprisonment term of at least ten days only in those situations where Section 35–50–2–2(b)(4)(Q) is inapplicable because the person has not been convicted of OWI as a Class D felony or another OWI felony offense, such as causing serious bodily injury[4] or death.[5] If the person is convicted of OWI as a Class D felony, Section 35–50–2–2(b)(4)(Q) dictates that six months of the person's sentence cannot be suspended; Section 35–38–2.6–1 also dictates that that time period cannot be served in a community corrections program. This mandatory sentencing provision also automatically fulfills the minimum ten-day imprisonment or sixty days community service or restitution requirement of Section 9–30–5–15(b).

We also address Simmons' claim that it is practically impossible for trial courts to sentence a defendant in accordance with both Section 9–30–5–15 and Section 35–50–2–2(b)(4)(Q). He points to Section 9–30–5–15(c), which states:

> Notwithstanding IC 35–50–2–2 and IC 35–50–3–1, a sentence imposed under this section may not be suspended. The court may require that the person serve the term of imprisonment in an appropriate facility at whatever time or intervals (consecutive or intermittent) determined appropriate by the court. However:

> (1) at least forty-eight (48) hours of the sentence must be served consecutively; and

> (2) the entire sentence must be served within six (6) months after the date of sentencing.

Simmons argues in essence that a defendant convicted of OWI as a Class D felony with two previous OWI convictions cannot reasonably be expected to serve a six-month imprisonment term required by Section 35–50–2–2(b)(4)(Q), which would equal ninety days with good-time credit, to serve another ten days under Section 9–30–5–15(b), and to receive an assessment of his or her alcohol or drug abuse and complete an alcohol or drug abuse treatment program, also required by Section 9–30–5–15(b), all within six months after the date of sentencing. We have already concluded that the ten days imprisonment or sixty days community restitution or service required by Section 9–30–5–15(b) is fulfilled by and subsumed within the six-month term required by Section 35–50–2–2(b)(4)(Q) in such a scenario. Beyond that, however, we believe "the entire sentence" referred to in Section 9–30–5–15(c)(2) is an imprisonment term under either subsection (a) or (b) of that statute. The entirety of subsection (c) clearly relates to the imprisonment portion of subsections (a) and (b), the nonsuspendability of such imprisonment, and the manner in which the trial court may order such imprisonment to be served. We do not read subsection (c) as placing a time limit on the completion of the drug and alcohol abuse assessment and treatment requirements of subsections (a) and (b).

### Conclusion

The trial court did not err in ordering Simmons to serve six months of his sen-

---

4. Ind.Code § 9–30–5–4.

5. Ind.Code § 9–30–5–5.

tence for OWI as a Class D felony in secure detention. It was required to do so by virtue of Indiana Code Section 35–50–2–2(b)(4)(Q), which was not implicitly repealed by the 1999 amendment creating the current Indiana Code Section 9–30–5–15(b). We affirm.

Affirmed.

BAKER, J., and VAIDIK, J., concur.