# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**DAVID C. KOLBE**
David C. Kolbe, P.C.
Warsaw, Indiana

ATTORNEY FOR APPELLEE:

**LYLE R. HARDMAN**
Hunt Suedhoff Kalamaros, LLP
South Bend, Indiana

**FILED**
Mar 23 2012, 9:33 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THE ESTATE OF DONALD EUGENE SMITH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 43A01-1103-PL-136 |
| | ) | |
| JOSHUA STUTZMAN d/b/a KEYSTONE BUILDERS, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable Duane G. Huffer, Judge
Cause No. 43D01-1010-PL-198

**March 23, 2012**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

The Estate of Donald Smith (the "Estate") appeals from the trial court's dismissal of its lawsuit against Joshua Stutzman d/b/a Keystone Builders ("Stutzman"). The Estate raises two issues, which we revise and restate as whether the trial court properly granted Stutzman's motion to set aside default judgment and motion to dismiss and dismissed the Estate's action. We affirm.

The relevant facts follow. Smith worked for Stutzman. Stutzman filed a report of employee injury/illness with the Indiana Worker's Compensation Board (the "Board") prepared on June 8, 2010, which indicated that on March 26, 2010, Smith suffered a "[b]roken neck" and was "on a ladder [and] fell 20 feet and died." Appellee's Supplemental Appendix at 1. A Settlement Agreement and Petition for Approval (the "Settlement Agreement") was entered into by Donald Smith, deceased, by his widow Carol Smith, Stutzman, and Travelers Casualty Insurance Company of America ("Travelers"), and the Settlement Agreement was filed with the Board on June 22, 2010. The parties to the Settlement Agreement agreed that Smith's worker's compensation claim would be settled for a lump sum payment of $100,000, payable to his sole presumptive dependent, Carol Smith. On June 28, 2010, the Board entered an order approving the Settlement Agreement and directing payment of $100,000.[1]

On October 21, 2010, the Estate filed a complaint for damages against Stutzman in the Kosciusko Superior Court alleging in part that while working for Stutzman as an

---

[1] The June 28, 2010 order directed that the payment be made by Stutzman as the named defendant in the worker's compensation action to Donald Smith, deceased, by his widow Carol Smith, as the named plaintiff in the worker's compensation action, and the Settlement Agreement provided that Travelers was making payment in settlement of the claim.

2

independent contractor on March 26, 2010, Smith fell from a roof resulting in his death and that Stutzman was negligent in maintaining safe work premises which was the direct and proximate cause of Smith's death. On December 27, 2010, the Estate filed a motion for judgment by default and an affidavit in support of its motion. On December 28, 2010, the court entered an entry of default against Stutzman.

On February 1, 2011, Stutzman filed a Motion to Set Aside Default Judgment and Motion to Dismiss together with a memorandum of law. In its motion and memorandum, Stutzman cited to Ind. Trial Rules 60(B) and 12(B)(1) and argued that the December 28, 2010 entry of default was void in part because the Board has exclusive jurisdiction over the claim, Stutzman is immune from suit and damages in a state court proceeding, and the Estate is estopped from asserting that Smith was an independent contractor. On February 18, 2011, the Estate filed a response to Stutzman's motion to dismiss, and on February 22, 2011, Stutzman filed a reply.

On March 4, 2011, the court held a hearing on Stutzman's February 1, 2011 motion and entered an order which found that the Board "has exclusive jurisdiction of this matter," granted Stutzman's motion, and ordered that the case be dismissed. Appellant's Appendix at 5.

The issue is whether the trial court properly granted Stutzman's February 1, 2011 motion to set aside default judgment and motion to dismiss. The Estate acknowledges that in Indiana if the Worker's Compensation Act applies to an injury then all other remedies are excluded. However, the Estate argues that "no concession was made by [Stutzman] and no contention was asserted by the Estate that [] Smith was an employee,"

3

that "the sole argument [Stutzman] can make is that the [Settlement Agreement], by its very existence, invokes exclusivity barring subsequent civil suit," and that "while the settlement was made pursuant to Section 15 under the Worker's Compensation Code, the issue of employment remained outside the Act and its status remained unresolved." Appellant's Brief at 5-6. The Estate "concedes that it could never reopen an action under the [Act] for further benefits from Travelers by virtue of the [Settlement Agreement]" but maintains that "there is nothing in the statute which prohibits a civil claim on the remaining disputed issue, the question of employment" and that the Settlement Agreement "specifically left this issue unresolved." Id. at 7. The Estate asserts that "the parties clearly did not intend to resolve all issues," that "[t]he issue of employment remained on the table," and that "[i]ndeed, that issue was left completely unresolved for possible resolution in a civil court of law." Id.

Stutzman maintains that the court correctly determined that the Estate admitted that Smith was an employee of Stutzman by invoking the jurisdiction of the Board and receiving worker's compensation benefits. Specifically, Stutzman argues that the parties stipulated in the Settlement Agreement that the Board had subject matter jurisdiction over the claim and that "[i]t is axiomatic that, for the Board to have subject matter jurisdiction, Smith was [Stutzman's] employee, acting within the scope and course of his employment." Appellee's Brief at 9. Stutzman further argues that "[t]he very act of seeking (and accepting) worker's compensation benefits constitutes an admission by the Estate that Smith was an employee acting within the scope and course of his employment." Id. Stutzman also argues that the Estate is judicially estopped from

4

claiming that Smith was an independent contractor. Stutzman asserts that the trial court did not have subject matter jurisdiction over the Estate's action, that thus the court's entry of default judgment was void, and that the court correctly vacated the entry of default judgment and dismissed the case.

The Indiana Worker's Compensation Act provides for compensation of injury or death by accident arising out of and in the course of employment. Ind. Code § 22-3-2-2; Wright Tree Serv. v. Hernandez, 907 N.E.2d 183, 186 (Ind. Ct. App. 2009), trans. denied. Ind. Code § 22-3-2-6, the exclusivity provision of the Act, provides:

> The rights and remedies granted to an employee subject to IC 22-3-2 through IC 22-3-6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 5-2-6.1.[2]

This court has stated that the Worker's Compensation Act is designed to grant compensation to injured employees without regard to fault. Waldridge v. Futurex Indus., Inc., 714 N.E.2d 783, 785 (Ind. Ct. App. 1999) (citation omitted), reh'g denied, trans. denied. "Once an injured employee accepts or receives compensation under the Act, she concedes that the injury was accidental in nature *and that it arose out of and in the course of employment*." Id. (emphasis added). "Accordingly, the employee may not later sue her employer in tort based on the same work-related injury." Id.

This court has further stated:

> [B]y electing to come under the [Worker's] Compensation Act, an employer and employee accept the procedure provided by that act for the adjudication of claims for compensation, and they waive the right of a trial

---

[2] Ind. Code § 5-2-6.1 governs compensation for victims of violent crimes.

5

by jury. An agreement, when filed with and approved by the [Worker's Compensation] Board has the force and effect of an award, and adjudicates the facts involved therein . . . .

Where there is no fraud on the part of the employer or an attempt to take advantage of the employee, the fact that the employee is ignorant of the provisions of [the Act] at the time he accepts compensation from his employer with full knowledge of all the facts does not defeat the effect of such acceptance as an election to take the compensation.

Williams v. Delta Steel Corp., 695 N.E.2d 633, 635 (Ind. Ct. App. 1998) (citing Ind. Univ. Hosps. v. Carter, 456 N.E.2d 1051, 1054-1055 (Ind. Ct. App. 1983) (citations omitted)), trans. denied. This court noted that "[i]n reaching that conclusion, we reasoned that an employee, by accepting and receiving compensation under the Act, concedes that the injury was accidental in nature *and that it arose out of and in the course of employment*." Id. (citing Univ. Hosps., 456 N.E.2d at 1056 (footnote omitted) (emphasis added)).

Further, the Indiana Supreme Court has stated that "[t]he exclusivity provision [Ind. Code § 22-3-2-6] bars a court from hearing any common law action brought by the employee for the same injuries." Sims v. U.S. Fidelity & Guar. Co., 782 N.E.2d 345, 349-350 (Ind. 2003). The Court further stated:

When an injury to a servant is found to be covered by a workers' compensation act, it is uniformly held that the statutory compensation is the sole remedy, and that any recovery against the employer at common law is barred. It is recognized that this remedy is in the nature of a compromise, by which the worker is to accept a limited compensation, usually less than the estimate which a jury might place upon his damages, in return for an extended liability of the employer, and an assurance that he will be paid.

Id. at 351-352 (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 80, at 574 (5th ed. 1984) (footnotes omitted)); see also Christopher R. Brown,

6

D.D.S., Inc. v. Decatur Cnty. Mem'l Hosp., 892 N.E.2d 642, 649 (Ind. 2008) (noting that "the remedies provided in the Worker's Compensation Act are in derogation of the common law" and that "the law in this jurisdiction is settled that if the Worker's Compensation Act applies to an injury, then the rights and remedies granted to an employee by the Act exclude all other rights and remedies of such employee . . . .") (internal quotation marks and citations omitted).

In Ind. Univ. Hosps., the Full Industrial Board approved of an agreement pursuant to which an employee would receive certain worker's compensation benefits. 456 N.E.2d at 1053. The employee later brought a civil negligence action against her employer alleging that the employer failed to maintain a safe place for business invitees. Id. The employee argued on appeal that she was not injured in the course of her employment but between shifts while she was not on duty. Id. at 1054. This court examined the agreement entered into by the parties and found that the intent of the agreement was clear on its face and that there was no evidence that the employer misguided the employee into signing the agreement. Id. at 1055. The court then held:

> [I]n the present case, the Industrial Board's approval of the parties' mutual compensation agreement is a determination that the incident did arise out of and in the course of her employment. In addition, [the employee] signed the agreement and received the benefit payments. She cannot now complain that the incident did not occur in the scope of her employment. [The employee] made a binding election of remedies, precluding her from pursuing another separate remedy.

Id. at 1056.

Here, the Settlement Agreement provided in part:

7

1. The [Board] *has jurisdiction of this claim* and may take such further action as is necessary to carry out the provisions of this Settlement Agreement and Petition for Approval at the Indianapolis offices of the Board without further notice to the parties hereto, which notice is hereby waived by the parties.

2. On March 26, 2010, Donald E. Smith, Jr. was performing work for [Stutzman] when he fell from a roof, sustaining injuries that caused his death.

3. Pursuant to Indiana Code § 22-3-3-18 and § 22-3-3-19, Carol Louise Smith is the sole presumptive dependent of Donald E. Smith, Jr.

4. No Application for Adjustment of Claim has been filed by Donald E. Smith, Jr., or his Estate, or Carol Louise Smith.

5. There are disputes between the parties as to whether Donald E. Smith, Jr. was an employee of [Stutzman], as it is defined by Ind. Code § 22-3-6-1. There is also a dispute as to whether [Stutzman] had a valid worker's compensation policy with Travelers in place at the time of [] Smith's injury.

6. By reason of these disputes and with knowledge of the uncertainty and expense of litigation of this claim, the parties seek to resolve their differences and are willing to give up any rights they may have in connection with this claim under the provisions of the Worker's Compensation Act. The parties have agreed that [Smith's] worker's compensation claim be compromised and settled for the lump sum payment of **One Hundred Thousand and 00/100 Dollars ($100,000.00)**, payable to his sole presumptive dependent, Carol Louise Smith, which amount includes compensation for any and all medical, funeral and burial expenses of [Smith], including unpaid or outstanding expenses.

7. This settlement is intended to resolve the claims of the employee, Donald E. Smith, Jr. and his dependents against the employer and Travelers, as it relates to worker's compensation benefits to which [Smith] or his dependents may be entitled. In making this settlement, [Smith], deceased, by his widow Carol Louise Smith, agrees to release and discharge [Stutzman] and its compensation insurance carrier, Travelers [], as well as their agents, assigns, insurers, and legal counsel from any and all manner of actions, causes of action, suits, accounts, contract, debts, attorneys fees,

claims and demands whatsoever, at law or in equity, and however arising, that were asserted, or could have been asserted, by her before the [Board], and waives all further rights under the Indiana Worker's Compensation Act. Travelers specifically retains the right to assert a lien against any third party recovery as set forth in Ind. Code § 22-3-2-13.

8. This settlement is not intended to resolve any claims that may exist as between the employer and Travelers, and those parties specifically retain the right to dispute whether Travelers owes a duty of coverage to [Stutzman] for the claims asserted by [] Smith, or his Estate, or his dependents. Travelers further retains its rights of equitable subrogation against [Stutzman] for any payments made under this Settlement Agreement. Further, this settlement does not waive any rights of the parties as to other claims not covered under the Worker's Compensation Act, Ind. Code § 22-3-2 through Ind. Code § 22-3-6 *et seq*.

9. The parties understand that upon submission of this Settlement Agreement, and approval of it by the Board, *all matters with respect to [Smith's] injury of March 26, 2010 shall be forever resolved, settled and ended*. There shall be no finding of any liability on the part of [Stutzman] with respect to any injury or combination of injuries of [Smith], nor shall this settlement be construed as an admission that [Smith] was an employee of [Stutzman]. Further, although Travelers is making payment in settlement of this claim, payment shall not be construed as a finding of an admission of liability to provide worker's compensation coverage to [Stutzman] for the injuries to [Smith].

10. Carol Louis Smith, acknowledges that she has read this Settlement Agreement, that she has had an opportunity to have it reviewed by an attorney, and that she understands that this agreement represents a full and final settlement of all of [Smith's] worker's compensation claim with respect to the alleged injury. She understands that upon approval of this Settlement Agreement by the Board, *she will not be entitled to receive from the employe*r, or its insurance carrier, or from the Second Injury Fund, *any additional sum or sums of money on account of [Smith's] claimed injury for compensation*, or for medical, funeral, or burial expenses, regardless of whether there is a change of condition.

9

11.     Pursuant to this Settlement Agreement, [Stutzman] shall have no obligation for past, present, or future medical and hospital bills, funeral and burial expenses, and associated expenses relating to [Smith's] injury, and the parties state that all unpaid medical provider, funeral and burial bills shall remain the responsibility of Carol Louise Smith. Carol Louise Smith specifically agrees to indemnify and hold harmless [Stutzman] and Travelers from any demands for payment of these bills and expenses by the providers or creditors. Further, Carol Louise Smith specifically agrees to indemnify and hold harmless [Stutzman] and Travelers against any claims which may arise by any persons claiming to be dependents of [Smith].

12.     This agreement is entered into by the parties as a compromise settlement agreement in order to gain approval thereof by the Board pursuant to Indiana Code § 22-3-2-15.[3] This agreement and stipulation shall be of no force or effect in the absence of an entry of an order directing such payment by the Defendant [Stutzman] to the

---

[3] Ind. Code § 22-3-2-15 provides:

(a)     No contract, agreement (written or implied), rule, or other device shall, in any manner, operate to relieve any employer in whole or in part of any obligation created by IC 22-3-2 through IC 22-3-6. However, nothing in IC 22-3-2 through IC 22-3-6 shall be construed as preventing the parties to claims under IC 22-3-2 through IC 22-3-6 from entering into voluntary agreements in settlement thereof, but no agreement by an employee or his dependents to waive his rights under IC 22-3-2 through IC 22-3-6 shall be valid nor shall any agreement of settlement or compromise of any dispute or claim for compensation under IC 22-3-2 through IC 22-3-6 be valid until approved by a member of the board, nor shall a member of the worker's compensation board approve any settlement which is not in accordance with the rights of the parties as given in IC 22-3-2 through IC 22-3-6. No such agreement shall be valid unless made after seven (7) days from the date of the injury or death.

(b)     A compromise settlement approved by a member of the worker's compensation board during the employee's lifetime shall extinguish and bar all claims for compensation for the employee's death if the settlement compromises a dispute on any question or issue other than the extent of disability or the rate of compensation.

(c)     A minor dependent, by parent or legal guardian, may compromise disputes and may enter into a compromise settlement agreement, and upon approval by a member of the worker's compensation board, the settlement agreement shall have the same force and effect as though the minor had been an adult. The payment of compensation by the employer in accordance with the settlement agreement shall discharge the employer from all further obligation.

10

> Plaintiff [Smith], which order constitutes an approval of the compromise agreement pursuant to Indiana Code § 22-3-2-15.

Appellant's Appendix at 20-24 (emphases added).

We observe that although the parties acknowledged the existence of certain disputes, including whether Smith was an employee of Stutzman, the parties expressly agreed to resolve any such differences by entering the Settlement Agreement. Specifically, with respect to the disputes or differences, paragraph 6 of the Settlement Agreement provides in part that "[b]y reason of these disputes and with knowledge of the uncertainty and expense of litigation of this claim, the parties seek to resolve their differences and are willing to give up any rights they may have in connection with this claim under the provisions of the Worker's Compensation Act." Id. at 21.

The Estate stipulated that the Board had subject matter jurisdiction over the Estate's claim, thereby making a judicial admission, the effect of which precluded its claim for recovery in the instant case. Moreover, the implication of the language of the Settlement Agreement above, including the emphasized portions, is that the parties intended for the payment of $100,000 to resolve any claim which Smith, his dependents, or the Estate may have against Stutzman or Travelers in connection with Smith's injury and that Smith would not be entitled to obtain additional sums of money from Stutzman in connection with the injury. See, e.g., id. at 23 (stating that Carol Smith "*will not be entitled to receive from the employe*r, or its insurance carrier, or from the Second Injury Fund, *any additional sum or sums of money on account of [Smith's] claimed injury for compensation . . . .*") (emphases added).

11

Finally, as stated in our previous decisions, an employee, by accepting and receiving compensation under the Act, concedes that the injury arose out of and in the course of employment. See Waldridge, 714 N.E.2d at 785, Williams, 695 N.E.2d at 635, and Ind. Univ. Hosps., 456 N.E.2d at 1053-1056. Here, Carol Smith as Donald's sole presumptive dependent accepted and received compensation of $100,000 under the Act in connection with Smith's injury and death while working for Stutzman and thus conceded that the injury arose out of and in the course of employment.

Based upon the record, we conclude that compensation was accepted and received under the Act and the Estate may not later claim that Smith's injuries occurred outside the scope of employment. See Ind. Univ. Hosps., 456 N.E.2d at 1054-1055 (holding that an employee who accepted and received compensation under the Act may not later claim that the injuries occurred outside the scope of employment). Accordingly, the trial court properly granted Stutzman's motion to set aside default judgment and motion to dismiss.

For the foregoing reasons, the March 4, 2011 order issued by the trial court is affirmed.

Affirmed.

MAY, J., and CRONE, J., concur.