Rucker, Senior Judge, dissenting.
[16] I agree with the majority that " Sections 35-35-3-3 (e)... and 35-38-1-17 (l) may be harmonized...." Slip op. at 10. But I reach a much different conclusion on how these harmonized provisions work together. Therefore, I respectfully dissent.
[17] Enacted in 1980, Indiana Code Section 35-35-3-3 (e) dictates "[i]f the court accepts a plea agreement, it shall be bound by its terms." In like fashion, our courts have long declared that a "plea agreement is contractual in nature, binding the defendant, the state and the trial court." Pannarale v. State , 638 N.E.2d 1247, 1248 (Ind. 1994) (citing State ex rel Goldsmith v. Superior Court , 275 Ind. 545, 419 N.E.2d 109, 114 (1981) ). And "although not a party to the agreement, once the court accepts a plea agreement, it is bound by the terms of that agreement." Blackburn v. State , 493 N.E.2d 437, 439 (1986). The question presented is whether Indiana Code section 35-35-3-3(e) still remains in full force and *1039 effect in light of subsequent legislative enactments.
[18] Effective July 1, 2014, as part of a comprehensive revision to the Indiana criminal code, the Legislature amended Indiana Code Section 35-38-1-17. Prior to the revision the statute was largely focused on prosecutorial approval to the modification of a sentence. See Manley v. State , 868 N.E.2d 1175 (Ind. Ct. App. 2007) ; Schweitzer v. State , 700 N.E.2d 488 (Ind. Ct. App. 1998). However, the Legislature shifted focus and among other things enacted a wholly new paragraph "(l)" which provides in relevant part:
A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason , including failure to comply with the provisions of this section.
Ind. Code § 35-38-1-17 (l) (emphasis added).
[19] In construing statutes, our primary goal is to determine and give effect to the intent of the legislature. Moryl v. Ransone , 4 N.E.3d 1133, 1137 (Ind. 2014). When two statutes on the same subject must be construed together, a court should attempt to give effect to both and must attempt to harmonize any inconsistencies or conflicts before applying any other rule of statutory construction. Id. "As a general rule, there is a presumption that the Legislature in enacting a particular piece of legislation has in mind existing statutes covering the same subject." Simmons v. State , 773 N.E.2d 823, 826 (Ind. Ct. App. 2002). "When two statutes or two sets of statutes are apparently inconsistent in some respects, and yet can be rationalized to give effect to both, then it is our duty to do so. It is only when there is irreconcilable conflict that we can interpret the legislative intent to be that one statute gives way to the other." Wright v. Gettinger , 428 N.E.2d 1212, 1219 (Ind. 1981).
[20] In this case both Indiana Code section 35-35-3-3(e) and Indiana Code section 35-38-1-17(l) address the same subject-plea agreements. And, at first blush, they appear to be inconsistent-the earlier statute declaring on the one hand that the court is bound by the terms of a plea agreement if the court accepts the agreement, while the later statute on the other hand declares a person may not waive the right to sentence modification as part of a plea agreement. However, closer examination reveals the two statutes may be harmonized. In particular, the third sentence of Indiana Code section 35-38-1-17(l) makes clear that the statute "does not prohibit the finding of waiver of the right to sentence modification for any other reason. " Id. (emphasis added). This language is not in irreconcilable conflict with Indiana Code section 35-35-3-3(e) which declares "[i]f the court accepts a plea agreement, it shall be bound by its terms." Id. Instead, "[w]here possible, if conflicting portions of a statute can be reconciled with the remainder of the statute, every word in the statute must be given effect and meaning, with no part being held meaningless." State v. Universal Outdoor, Inc. , 880 N.E.2d 1188, 1191 (Ind. 2008). Such is the case here. Although Indiana Code section 35-38-1-17(l) prohibits a plea agreement from containing express language waiving the right to sentence modification, the statute does not prohibit a finding of waiver on other grounds. To conclude otherwise would mean that Indiana Code section 35-38-1-17(l) effectively repealed Indiana Code section 35-35-3-3(e). But the Legislature *1040 did not expressly repeal Indiana Code section 35-35-3-3. And the implied repeal of statutes is disfavored under Indiana law. Waldridge v. Futurex Industries, Inc. , 714 N.E.2d 783, 785 (Ind. Ct. App. 1999). "We repeal statutes by implication only where a later statute is so repugnant to and inconsistent with an earlier statute that it must be assumed the legislature did not intend both statutes to stand." Id. If at all possible, we will adopt a construction that gives effect to both statutes. Id.
[21] Here, the conflicting provisions of the two statutes may be harmonized in a way that gives effect to both. In particular, the trial court lacked the authority to modify Rodriquez's sentence from work release to home detention not because of a "waive[r] to the right of sentence modification ... as part of a plea agreement." Ind. Code § 35-38-1-17(l). Instead, the trial court lacked such authority for a wholly different reason- or in the language of the statute "for any other reason"-namely: because of the bargain Rodriquez struck with the State of Indiana that his sentence would be served with a specific entity. More specifically, Rodriguez agreed to serve a precise sentence with a specific entity: 30 months executed to be served on Elkhart County Work Release for his class A misdemeanor and level 6 felony offenses; and an additional consecutive fixed term of 42 months for his HVSO adjudication also to be served on Elkhart County Work Release. Rodriguez was bound by his agreement with the State, and having accepted the parties' agreement the trial court was bound as well. See e.g. State v. Smith , 71 N.E.3d 368, 370 (Ind. 2017) (reaffirming long standing precedent which declares "[t]he terms of a plea agreement between the State and the defendant are contractual in nature. When a trial court accepts a plea agreement, it is bound by its terms.") (internal quotations omitted).
[22] In essence, it does not appear the Legislature intended to repeal long-standing statutory authority or to overrule long-standing judicial precedent by the enactment of Ind. Code § 35-38-1-17 (l). I conclude therefore the trial court properly denied Rodriguez's motion to modify his sentence and I would thus affirm the trial court's judgment.